### ELIZABETH NOVICKI v. CITY OF NEW HAVEN (AC 16464)

Foti, Dupont and Daly, Js.

Argued December 11, 1997—officially released February 24, 1998

*Richard M. Franchi*, for the appellant (plaintiff).

*William F. Clark*, with whom, on the brief, was *Thomas W. Ude, Jr.*, assistant corporation counsel, for the appellee (defendant).

*Opinion*

DUPONT, J. The plaintiff appeals from the judgment rendered by the trial court granting the defendant city of New Haven's motion to dismiss a personal injury suit brought pursuant to General Statutes § 13a-149. The plaintiff claims that the trial court improperly (1) granted the defendant's motion to dismiss for lack of subject matter jurisdiction and (2) sustained the defendant's objection to the plaintiff's request for leave to amend her complaint. We affirm the judgment of the trial court.

The plaintiff alleged in her complaint filed in October, 1991, that on October 19, 1990, she had suffered injuries as a result of a fall on a walkway that runs from Davis Street to the north exit of the Davis Street School in New Haven, and attached to her complaint the notice of this incident dated December 13, 1990, which she had sent to the city, as required by § 13a-149. The complaint also alleged that the city had a duty to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition, but did not allege that the city had such a duty with regard to the particular walkway that is the subject of the plaintiff's complaint.

The defect alleged in the plaintiff's statutory notice of claim, and in her complaint, was described as a large, indented crack at the top of a street ramp adjacent to the stairway of a walkway leading to the Davis Street School. The exact location of the crack was given.[1] The

---

[1] "Place: 23 feet, 10 inches south of the United Illuminating Pole #4477, 16 feet, 5 inches east of the east curb of Davis Street, at the top of the ramp-

complaint alleged various ways in which the city had breached its alleged statutory duties to the plaintiff. On April 13, 1993, the plaintiff amended her complaint to add a claim that the city was also in breach of its statutory duty because the ramp was too steep.[2]

On August 11, 1995, the city moved for summary judgment claiming that the property on which the plaintiff allegedly fell, although owned by the city, was not a city "highway" under the highway defect statute. General Statutes § 13a-149.[3] The city also claimed that it was not the proper defendant in the action. The city's motion for summary judgment, filed prior to its motion to dismiss, was denied on January 29, 1996, because the court could not conclude, as a matter of law, that the location of the plaintiff's fall was not a public highway or sidewalk. The court also noted in its denial of summary judgment, the absence of any affidavit establishing what party had actual control over the location of the plaintiff's fall.

On or about March 22, 1996, the plaintiff moved to amend her complaint a second time to add a claim of

like walkway which leads to the north exit of the Kindergarten classroom of the Davis Street School, 35 Davis Street, New Haven, Connecticut."

[2] The plaintiff alleged that the city failed to construct or maintain the ramp in accordance with § 29-252-1a, subsection 815.3, of the Regulations of Connecticut State Agencies, which limits the maximum slope of a walkway.

[3] General Statutes §13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears

nuisance. The city objected to the amendment, which objection was initially overruled. On July 2, 1996, the city moved to reargue its objection on two grounds: (1) that the claim was barred by the statute of limitations, and (2) that the original highway defect cause of action failed to put the city on notice of a nuisance claim for purposes of the city's investigation, leaving the city unequipped to defend such a claim more than five years later. On July 11, 1996, the city's motion to reargue was granted, limited to the second ground. On September 24, 1996, the court, *Corradino, J.*, heard reargument and sustained the defendant's objection.

On April 4, 1996, the city moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that the plaintiff could not bring herself within the statutory exception to governmental immunity set forth in § 13a-149 because the walkway was not a road for purposes of that statute, and because the city was not the party bound to maintain or repair the walkway. The city attached affidavits stating that the walkway was on the property of the Davis Street School, and that the New Haven board of education, not the city, was the party bound to maintain that property.

On September 25, 1996, the court, *Gray, J.*, heard oral argument on the city's motion to dismiss for lack of subject matter jurisdiction and granted the motion. The city asserted that absent compliance with the requirements of § 13a-149, the doctrine of sovereign immunity deprived the court of subject matter jurisdiction. The city further asserted that the statutory requirements for the state's legislative waiver of immunity, set forth in § 13a-149, had not been met because the plaintiff's complaint failed to allege, nor could it be established, that (1) the area of the plaintiff's alleged

that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

fall was on a "road or bridge," or (2) the city was the party bound to keep the area in repair. The city also filed two supporting affidavits as evidence that it was not the party responsible for the maintenance and repair of the walkway at issue.[4] The plaintiff relied on a previously filed affidavit stating that the city was the owner of record of the Davis Street School property.[5] The trial court agreed that the requirements of § 13a-149 had not been met and, accordingly, granted the city's motion to dismiss. The plaintiff had also filed a motion to reargue the city's objection to the plaintiff's request to amend the complaint as to the September 24, 1996 ruling, but the motion was rendered moot by the dismissal of the action.

The plaintiff first claims that the trial court improperly granted the city's motion to dismiss for lack of subject matter jurisdiction. It is well established that the state or a city is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. *Baker* v. *Ives*, 162 Conn. 295, 298, 294 A.2d 290 (1972). Thus, in a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction

---

[4] An affidavit from Robert Borus, chief civil engineer for the city of New Haven, stated that the location of the plaintiff's alleged fall was not within the city's easement for public travel, but was located on property known as the Davis Street School. An affidavit from Brian Funk, deputy director of public works, stated that the department of public works is the city department that maintains city "highways," and that the public works department does not have any duty or authority to perform any maintenance on school grounds. Finally, an affidavit from Peter Villano, director of administration for the board of education, stated that the board of education has the exclusive duty, control and discretion over all of the maintenance on all school grounds, and that the board of education is the entity that controls, possesses and maintains the specific property known as the Davis Street School.

[5] The plaintiff relied on the affidavit of Albert Harkness who stated that the city of New Haven was the record owner of the property on which the plaintiff fell.

is statutorily conferred. The legislature, however, has carved out certain statutory exceptions to the general rule of sovereign immunity and allowed governmental entities to be sued under certain limited circumstances. *Berger, Lehman Associates, Inc.* v. *State*, 178 Conn. 352, 356, 422 A.2d 268 (1979) (sovereign immunity can be waived by appropriate legislative action); *State* v. *Chapman*, 176 Conn. 362, 364, 407 A.2d 987 (1978) (same). The highway defect statute, § 13a-149, on which the plaintiff depends for her cause of action, is one of those exceptions.

Where a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. *Duguay* v. *Hopkins*, 191 Conn. 222, 232, 464 A.2d 45 (1983); *Spring* v. *Constantino*, 168 Conn. 563, 570, 362 A.2d 871 (1975). Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case. *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 492–93, 400 A.2d 726 (1978). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." *Amore* v. *Frankel*, 228 Conn. 358, 364, 636 A.2d 786 (1994), citing *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 349–50, 636 A.2d 808 (1994); *Tamm* v. *Burns*, 222 Conn. 280, 289, 610 A.2d 590 (1992); *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 185–86, 592 A.2d 912 (1991).

In the present case, the question of whether the plaintiff has complied with the provisions of § 13a-149 goes to the court's jurisdiction over the subject matter of the action. See *Hillier* v. *East Hartford*, 167 Conn. 100, 106, 355 A.2d 1 (1974). The statutory provisions of § 13a-149 have two components that must be met to trigger its application: (1) the plaintiff must have sustained an

injury by means of a defective "road or bridge" and (2) the party whom the plaintiff is suing must be the "party bound to keep [the location where the injury was sustained] in repair." The city's motion to dismiss for lack of subject matter jurisdiction maintained that neither of the two requirements of § 13a-149 was met. Because it is unclear on which basis the trial court dismissed the case, we will discuss both requirements in turn.

The city's motion to dismiss first alleged that the plaintiff's complaint did not allege nor could it be established that the plaintiff was injured on a "road or bridge" for purposes of the highway defect statute.

The word road or highway as used in the highway defect statute has usually been construed to include sidewalks. *Hornyak* v. *Fairfield*, 135 Conn. 619, 621, 67 A.2d 562 (1949); *Manchester* v. *Hartford*, 30 Conn. 118, 121 (1861). The term sidewalk is meant to apply to those areas that the public uses for travel. See *Caschetto* v. *Silliman & Godfrey Co.*, 126 Conn. 22, 24, 9 A.2d 286 (1939). Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel. Id., 24–25. Since the walkway on which the plaintiff was injured was on public property and led from a city street to a public school, it was reasonably anticipated that the public would make use of it. Accordingly, we conclude that the walkway is a road or bridge for purposes of the highway defect statute and, in that respect, the plaintiff's allegations are sufficient to state a cause of action against the governmental entity bound to keep the walkway in repair.

The next question, therefore, is that raised by the city when it alleges that it is not the party bound to keep the walkway on which the plaintiff was injured

in repair, as mandated by § 13a-149. The affidavits submitted by the city along with its motion to dismiss pursuant to Practice Book § 143 established that the New Haven board of education was the party bound to repair the walkway where the plaintiff fell. Furthermore, pursuant to General Statutes § 10-220 (a), "[e]ach local or regional board of education shall . . . have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes . . . ."[6]

Our Supreme Court recently affirmed the dismissal of an action brought under General Statutes § 13a-144.[7] See *Amore* v. *Frankel,* supra, 228 Conn. 364. Since "there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by § 13a-149"; *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970); the *Amore* case is instructive.

In *Amore,* the plaintiff sought to recover from the commissioner of transportation pursuant to § 13a-144 for injuries she sustained on a driveway on the University of Connecticut campus. *Amore* v. *Frankel,* supra, 228 Conn. 360. The commissioner moved to dismiss the complaint for lack of subject matter jurisdiction and filed with his motion affidavits disclosing that the employees of the University of Connecticut were the parties bound to keep the driveway in repair. Id., 366.

---

[6] In addition, § 150 of the New Haven charter provides in relevant part: "The Board of Education shall have the entire charge, control and management of all public schools of the City, and for the expenditure of all moneys appropriated for the support and maintenance of the same . . . and shall have the charge and control of the construction, repair and maintenance of all school buildings, grounds and equipment. . . ."

[7] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

"[O]nce the commissioner's affidavits placed the care-taking of the university grounds in the hands of the landscaping crew of the University of Connecticut, it was incumbent on the plaintiff to dispute the facts contained within the affidavits." Id., 368. If the plaintiff fails to do so, the action should be dismissed for lack of subject matter jurisdiction. Id., 368–69.

In the present case, a similar procedure to that in *Amore* was followed. Accompanying the city's motion to dismiss were three affidavits demonstrating that the New Haven board of education, not the city of New Haven, was the party bound to keep the Davis Street School walkway in repair. While the plaintiff in the present case did submit an affidavit establishing that the city of New Haven was the record owner of the property on which the walkway was located, the plaintiff's affidavit did not dispute the fact that the city of New Haven was not the party responsible for the maintenance and repair of the walkway. Ownership of the property does not establish liability under § 13a-149 or § 13a-144. Rather, it is the governmental entity charged with the "duty . . . to keep [the property] in repair"; *Amore* v. *Frankel*, supra, 228 Conn. 367; or the "party bound to keep [the property] in repair"; *Hornyak* v. *Fairfield*, supra, 135 Conn. 621; on which the statutes impose liability under certain circumstances. As an intermediate appellate court we are bound to follow *Amore*.

Accordingly, since the plaintiff failed to produce evidence that she was injured on a road that the city of New Haven was bound to repair, the trial court properly dismissed the action.[8] Because a resolution of the plain-

[8] The plaintiff's claim that the dismissal of her complaint was precluded by the trial court's prior decision on the city's motion for summary judgment is of no avail. The court that denied summary judgment did not decide the issue of whether the city was the party bound to keep the walkway in repair. As to that issue, the court stated that "there are also no affidavits showing

tiff's second claim will not affect the outcome of this case, we need not address that issue.

The judgment is affirmed.

In this opinion the other judges concurred.

who had actual control over this location." By contrast, the city's motion to dismiss was accompanied by three affidavits establishing that fact.