[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The defendant City of Waterbury has moved to dismiss the plaintiff's claim on the ground that the plaintiff has commenced this action against the wrong party; specifically, the defendant argues that the Waterbury Board of Education, and not the City of Waterbury, is the entity with the legal obligation to maintain the area in which the plaintiff fell.[1] Therefore, the defendant argues, the court lacks subject matter jurisdiction over the plaintiff's claim.
The Connecticut Appellate Court has stated that where a claim is brought against a municipality pursuant to General Statutes § 13a-149 (the defective highway statute), even though the municipality may own the property or area where the plaintiff fell, if the property is to be maintained by another entity, then the plaintiff has sued the wrong party. Novicki v. New Haven,47 Conn. App. 734, 742, 709 A.2d 2 (1998). "Ownership of the property does not establish liability under § 13a-149. . . ." Id., 742. Rather, it is the governmental entity charged with the duty to keep the property in repair on which the statute imposes liability. Id.
Here, the defendants' affidavits demonstrate that although the defendant owns the property, or more specifically the sidewalk, where the plaintiff fell, the Waterbury Board of Education is the entity which is legally obligated to maintain the sidewalk. By contrast, the plaintiff's affidavit does not contradict any of the material facts attested to by the defendants' affiants.
The case of Novick v. New Haven, supra, controls the outcome of the defendant's motion, and under the reasoning of that decision, the motion to dismiss is granted.[2]
GILL, J.