[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS SUBSTITUTE COMPLAINT
By motion dated August 24, 1999, the defendants, town of East Lyme, Frederick Thumm and Charles Holyfield, move to dismiss the second and third counts of the plaintiffs Substitute Complaint dated August 6, 1999.[1] The stated ground for dismissal is lack of subject matter jurisdiction. The captions of the subject counts are "Public Nuisance Action against the defendant, the Town of East Lyme, Pursuant to Connecticut General Statutes Section 52-557n(a)(1)(C)" and "Negligence of Frederick G. Thumm, Director of Public Works of the Town of East Lyme, and Charles Holyfield, Superintendent of Highways of the Town of East Lyme, Pursuant to Connecticut General Statutes Section52-557n(a)(1)(A)", respectively.
The plaintiff, Geraldo Ferreira, filed the present lawsuit in August of 1997, seeking damages against several defendants for injuries allegedly sustained when he was allowed to disembark a public bus, fell and was subsequently struck by that bus. The plaintiff claims he tripped on a cut or broken off steel sign post embedded in the lawn. It is alleged that the plaintiffs damages were caused by the negligence of the defendants and that they participated in the creation or maintenance of a public nuisance.
The present action was consolidated with another case, GeraldoFerreira v. Ronald Pringle, et al., Docket No. 546848, both matters arising out of the same incident. The defendants in thePringle case filed a motion to dismiss the complaint, claiming the court lacked subject matter jurisdiction because the plaintiff failed to provide the statutory notice under section13a-149 of the General Statutes (the highway defect statute). The town of East Lyme, Frederick Thumm and Charles Holyfleld, CT Page 2483 defendants in the present action, moved to strike the amended complaint dated May 14, 1998 on the ground that the complaint was legally insufficient because it did not plead a cause of action under the highway defect statute.
By Memorandum of Decision dated July 30, 1999, Judge Mihalakos granted both motions. He concluded, as a matter of law, that the allegations in both cases necessarily invoked the defective highway statute. After striking the complaint in the present matter, he dismissed the complaint in the Pringle case because the plaintiff did not provide any written notice to any defendant within 90 days of his injury. Judge Mihalakos held that the plaintiffs failure to comply with the notice requirements of section 13a-149[2] resulted in the lack of subject matter jurisdiction over the action as a whole.
The Pringle decision was appealed and is currently pending in the Supreme Court. The plaintiff filed a substitute complaint in the present action, counts two and three of which are now being challenged by this motion to dismiss. The defendants claim the substitute complaint is merely a restatement of the stricken pleading. The plaintiff argues that the allegations in his substitute complaint have nothing to do with the road or use of the road and, therefore, the highway defect statute is not implicated.
The second count of the substitute complaint is directed against the town of East Lyme. It is alleged that the town created or participated in the creation or maintenance of a public nuisance. The caption indicates this count is brought pursuant to section 52-557n(a)(1)(C) of the General Statutes. The third count of the substitute complaint is directed against two individuals, Frederick Thumm and Charles Holyfield. The caption indicates this count is brought pursuant to section52-557n(a)(1)(A) of the General Statutes.[3] Paragraph 14 of the third count also alleges that notice of the plaintiffs claim was provided to the town of East Lyme and its employees pursuant to section 7-465 (indemnification statute for municipal employees) and section 7-273h (indemnification statute for transit district employees) of the General Statutes.
A comparison of the second and third counts stricken by Judge Mihalakos with the second and third counts of the substitute complaint reveals no material differences. Instead of the plaintiff disembarking onto a grassy embankment at the shoulder CT Page 2484 of the road, it is now alleged that the plaintiff disembarked onto the lawn of the Niantic Fire Department. The location of the bus, when it stops to allow the plaintiff to disembark, has not changed. The sign post's location is perhaps a little more detailed, including the allegation that it was embedded in the "lawn" (rather than the "ground" as alleged in the earlier complaint).
From a thorough review of the allegations contained in the substitute complaint, as well as the photographs, affidavits, excerpts from depositions and accompanying documents submitted by the plaintiff in opposition to this motion to dismiss, the court concludes that the plaintiff is claiming his injuries resulted from conditions constituting a highway defect.[4] Having so concluded, the provisions of section 13a-149 of the General Statutes, the highway defect statute, are implicated.
The case of Sanzone v. Board of Police Commissioners,219 Conn. 179, 592 A.2d 912 (1991) is dispositive of this matter. InSanzone, the plaintiff brought suit against the city of Bridgeport and its employees for injuries sustained in a motor vehicle accident allegedly caused by a defective traffic light. The plaintiff claimed that section 52-557n permitted him to bring nuisance and negligence claims against a municipality whether or not he also had a valid claim under section 13a-149. The Sanzone
Court concluded as follows:
 [W]e construe [section] 52-557n to provide that an action under the highway defect statute, [section] 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision "for damages resulting from injury to any person or property by means of a defective road or bridge." It also, therefore, precludes a joint action seeking such damages against a municipality and its officer pursuant to [section] 7-465(a); otherwise, the proviso in [section] 52-557n would be stripped of all meaning, for [section] 7-465(a) would permit a plaintiff to reach the result forbidden by [section] 52-557n: the imposition of tort liability on a municipality for a highway defect claim.
Id., 192.
The Court in Sanzone did not construe section 52-557n to bar a plaintiff from asserting causes of action against those individuals whose actual conduct was a proximate cause of the CT Page 2485 injury.
 We agree with the trial court that [section] 52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under [section] 7-465(a). There is no reason to believe, however, that the legislature intended to eliminate an injured plaintiffs common law right to seek damages from individual municipal employees. Indeed, whereas [section] 52-557n(b) mimmunizes both "political subdivisions" and "any employee, officer or agent acting within the scope of his employment or official duties" from liability in enumerated cases, including certain types of highway defects, [section] 52-557n(a), by contrast, addresses only the liability of "political subdivisions." "A plaintiffs failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee." (Citation omitted.)
Id., 193. The trial court's decision to strike the counts against the municipal employees was upheld, however, because the claims against the named individuals in their individual capacities were only asserted as a basis for imposing liability on the municipality. Id., 194.
In the present case, the second count is directed against the municipality pursuant to section 52-557n(a)(1)(C) of the General Statutes. Section 13a-149 of the General Statutes is the exclusive remedy for that claim. With respect to the third count, directed against the municipal employees, the allegations address the actions of those individuals in the course of their employment with the town of East Lyme (paragraph 10 of the third count). It is clear, and the court finds, that the claims in the third count are only asserted against them in their individual capacities as a basis for imposing liability on the municipality. If there is any doubt as to the plaintiffs intention, that doubt is removed by the plaintiffs reference to section52-557n(a)(1)(A), section 7-465 and section 7-273h of the General Statutes in the caption and in paragraph 14 of the third count.
To summarize, the second and third counts of the substitute complaint involve what can only be construed as a highway defect and should have been brought under the defective highway statute.Sanzone, supra. This court must now determine whether the defendants' challenge to said counts is properly made byway of a CT Page 2486 motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Town ofManchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314 (1995). "[I]n deciding a motion to dismiss, [the trial court] must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). However, "[a] ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) DiscoverLeasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843
(1993).
As previously noted, it is clear from the substitute complaint and all other documentation submitted by the plaintiff in opposition to this motion to dismiss that the allegations concern injuries resulting from a claimed highway defect. As such, the plaintiffs exclusive remedy is an action brought pursuant to section 13a-149 of the General Statutes. That statute requires that written notice be provided to the defendants within 90 days of the plaintiffs injury. It is undisputed that the plaintiff did not provide any written notice to any defendant within the requisite time period. Having failed to comply with the notice requirements of section 13a-149, this court lacks jurisdiction over the subject matter of these claims. See Pratt v. Town of OldSaybrook, 225 Conn. 177, 180, 621 A.2d 1322 (1993); Novicki v.City of New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998). Accordingly, the defendants' motion to dismiss counts two and three of the plaintiffs substitute complaint is granted.
Koletsky, J.