[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#112)
This is a personal injury lawsuit brought by the plaintiff, Elizabeth Novicki ("Novicki") against the City of New Haven (hereinafter the CT Page 6095 "City") and The Board of Education for the City of New Haven (hereinafter the "Board of Education"). In her complaint, Novicki alleges that she sustained injury when she fell on a ramp-like walkway located at the Davis Street School, 35 Davis Street, New Haven, CT. The incident is alleged to have occurred on October 19, 1990.
The City and Board of Education have moved for summary judgment. For the reasons set forth below, the motion for summary judgment is granted in favor of the City but denied as to the Board of Education.
BACKGROUND
The present suit was brought by Novicki based on a writ, summons and complaint dated October 9, 1998 bearing a return date of December 8, 1998. Novicki's complaint notes that the action is brought under General Statutes § 52-592 based on the decision of the Connecticut Appellate Court in Elizabeth Novicki v. City of New Haven, Appellate Court No. A.C. 16464.
The prior procedural history of this lawsuit is significant for purposes of ruling on the present motion. Novicki originally filed suit against the City only. This suit was brought within the applicable statute of limitations. This suit was dismissed by the trial court. (Gray, J.) for the lack of subject matter jurisdiction. The City had advanced two grounds in support of its motion to dismiss. First, that the walkway where Novicki allegedly fell was not a "highway" for purposes of the application of the highway defect statute, General Statutes § 13-149. Second, that the City was not the proper defendant because, the Board of Education was the party bound to maintain the property. Novicki appealed the judgment of dismissal.
In Novicki v. New Haven, 47 Conn. App. 734 (1988), the Appellate court affirmed the judgment of dismissal. In reaching its decision, however, the Appellate Court ruled that the walkway in question was a road or bridge for purposes of the highway defect statute. Id., 47 Conn. App. 740. The Appellate Court further ruled that the record in the case established that the Board of Education and not the City was the party bound to keep the walkway in repair. Id., 47 Conn, App. 741. Accordingly, based on this ground, the Appellate court affirmed the judgment of the trial court. After the release of the Appellate Court's decision, Novicki brought the present action against both the City and Board of Education.
The defendants seek summary judgment in their favor on the following grounds:
CT Page 6096 1. Novicki's action against the Board of Education is barred by the statute of limitations.
 2. Novicki's action against the city based on the highway defect statute is barred by the doctrine of collateral estoppel.
 3. To the extent Novicki's action sounds in negligence it is barred by the doctrine of governmental immunity.
DISCUSSION
 STATUTE OF LIMITATIONS
The Board of Education argues that because it was not named in the original suit, the present action is barred by the two year statute of limitations contained in General Statutes § 52-584. Given the fact that the accident in question is alleged to have occurred on October 19, 1990 and the complaint against the Board of Education was not served until October 1998, the action against the board was brought beyond the two year period prescribed in § 52-584. The Board of Education further argues that the accidental failure of suit statute, § 52-592, does not save the case because the Board of Education was not named in the original action.
Novicki asserts that the wording of § 52-592 permits the present action against the Board of Education. According to Novicki, while §52-592 mandates that the cause of action be the same, it does not mandate that the parties be the same. Moreover, Novicki claims that General Statutes § 52-593 provides an independent reason permitting the present action against the Board of Education to go forward.
As applicable to this case, § 52-592 provides:
 If any action commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the termination of the original action.
In Vessichio v. Hollenbeck, 18 Conn. App. 515 (1989), the Appellate Court held that a plaintiff's efforts to bring an action against a new party beyond the period set by § 52-584 was not saved by § 52-592. CT Page 609718 Conn. App. 519. The reasoning of Vessichio likewise forbids the use of § 52-592 "save" the present action against the Board of Education.
 More applicable to the present case is § 52-593, which, as applicable here, provides: When a plaintiff in a civil action has failed to obtain a judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process is the new action is made within one year after the termination of the original action.
The original action here was terminated when the Appellate Court announced its decision affirming the dismissal by the trial court on February 24, 1998. The present action was commenced within one year of that date. In addition, the original action failed because Novicki named the wrong party, the City, as defendant. Accordingly, this court finds that, pursuant to § 52-593, the statute of limitations is not a bar to the present action against the Board of Education.
Collateral Estoppel
Based on the record in the original action and the findings articulated in the Appellate Court opinion in Novicki v. New Haven, the issue of whether the City is the party bound to repair the walkway has been decided in the City's favor. Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. Ashev. Swenson, 397 U.S. 436, 445 (1970). For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. Virgo v. Lyons, 209 Conn. 497,501 (1988).
In the present case the issue of the City's responsibility to maintain and repair the walkway was litigated at the trial level through the submission of affidavits from both sides. The trial court's decision did not specify whether the City was not bound to maintain the walkway or because the walkway was not a "highway" for purposes of § 13-149. The Appellate Court, however, after deciding that the walkway was covered by § 13-149, affirmed the dismissal on the sole ground that the walkway was not the responsibility of the City. Clearly, this decision was necessary to the courts judgment.
Accordingly, Novicki is collaterally estopped from relitigating this CT Page 6098 issue in the present action. Based on the decision in the original action, the City is entitled to summary judgment in its favor.
OTHER GROUNDS
The other grounds advance in support of the motion for summary judgment are not persuasive. The case is brought pursuant to § 13-149 and therefore governmental immunity is not a bar. Given the rulings above, the court need not decide whether The Board of Education may be sued in negligence.
CONCLUSION
For the reasons set forth above, the City's motion for summary judgment is granted. The motion for summary judgment filed by the Board of Education is denied.
So Ordered at New Haven, Connecticut this 19th day of May, 2000.
Devlin, J.