[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The state defendants move to dismiss the plaintiff's, Robert SE. Carroll's, complaint, filed on June 8, 2000, in which the plaintiff alleges that he was injured by several resident state troopers during the course of his arrest. The plaintiff alleges that, accompanied by several other officers, Trooper Terence P. McFadden forcibly removed him from his vehicle, threw him to the ground, handcuffed him and pushed him into the back of a state police cruiser causing physical injury to his person, and, subsequently, denying him appropriate medical care.
The complaint is composed of thirteen counts, all alleging various state law causes of action, brought against several members of the Connecticut state police, in their official and individual capacities, Henry Lee, commissioner of public safety, in his official and individual capacity, the state of Connecticut and the town of Killingly. The town's motion for summary judgment was granted earlier this day.
The state filed a motion to dismiss on August 1, 2000, on the grounds of sovereign immunity and failure to exhaust administrative remedies. In accordance with Practice Book § 10-31, the state filed a memorandum of law in support of its motion. At oral argument, the plaintiff presented the court and opposing counsel with a memorandum in opposition to the state's motion to dismiss.
 II DISCUSSION
Practice Book § 10-31 provides: "(a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. (b) Any adverse party who objects to this motion shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through CT Page 1261910-17 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."
"`It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996); Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998).
The state moves to dismiss the plaintiff's complaint on the ground of common law and statutory sovereign immunity arguing that "[u]nder the facts of this case as alleged in the complaint, these defendants are entitled to sovereign immunity in their official and individual capacities." The plaintiff, in opposition, argues that "[n]either the State of Connecticut nor any of the State defendants are entitled to sovereign immunity or immunity pursuant to Conn. Gen. Stat. § 4-165
under the facts of this case."
"Our precedents establish that, where [state officials are] sued in both [their] official and individuals capacities, if sovereign immunity does not apply to the claim[s] against [them] in [their] official capacity, the statutory immunity may then apply to the claim[s] against [them] in [their] individual capacity. Thus, before determining whether and to what extent the defendants are shielded by the statutory immunity provided by [General Statutes] § 4-165, it is appropriate to determine whether the claims against them are barred by the common-law doctrine of sovereign immunity." Shay v. Rossi, 253 Conn. 134, 162-63, 749 A.2d 1147
(2000).
 A Common-Law Sovereign Immunity
The state defendants move to dismiss on the ground that the plaintiff's claims are barred by the doctrine of sovereign immunity, arguing that the plaintiff "does not allege facts sufficient to establish that the defendants acted pursuant to an unconstitutional enactment or in excess of their statutory authority." (Defendant's Memorandum, p. 13.) Further, the defendants argue that "[i]t is clearly within the scope of a police officer's authority to make an arrest, and to use force when necessary to do so in order to effect that arrest." Id. The plaintiff responds by arguing that he "has filed a twenty-four page complaint filled with CT Page 12620 allegations that demonstrate the state defendants were acting in excess of any statutory authority and in violation of constitutional rights." (Plaintiff's Memorandum in Opposition to Motion to Dismiss, p. 4.)
The doctrine of sovereign immunity is a "well settled principle that the sovereign [the state] is immune from suit unless the state, by appropriate legislation, consents to be sued." (Internal quotation marks omitted.) Federal Deposit Ins. Co. v. Peabody N.E., Inc., supra,239 Conn. 101. "[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. . . . Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." (Citations omitted; internal quotation marks omitted.) Shay v.Rossi, supra, 168-69; see also Pamela B. v. Ment, 244 Conn. 296, 328,709 A.2d 1089 (1998); Antinerella v. Rioux, 229 Conn. 479, 487,642 A.2d 699 (1994).
"In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions. . . . Where [however] no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Citations omitted; internal quotation marks omitted.) Shay v. Rossi, supra, 169.
Recently, in Shay v. Rossi, supra, 172, the Supreme Court acknowledged that it has not yet defined the "in excess of statutory authority" requirement. The court did, however, give some direction in this regard, concluding that the line is somewhere between the standard set for judicial immunity and simply acting outside of one's authority. See id. The court held that the plaintiff's had sufficiently alleged that the charges levied against them by the department of children and families were brought with improper and self-serving motives. See id., 173-74. The court paid particular attention to one allegation of the plaintiffs' complaint that stated that the defendants' conclusion of neglect and abuse was "designed to vindicate and legiti[mize] their handling of theCT Page 12621Shay case which was, from the outset, unlawful, uncaring, andunnecessary." (Emphasis in original; internal quotation marks omitted.) Id., 173. Reaffirming its decision in Antinerella v. Rioux, 229 Conn. 479,497, 642 A.2d 669, the court stated that when "the state employee acts solely to further his or her own illegal scheme and not to carry out government policy, there is no reason to provide immunity from suit. Similarly, if the defendants . . . acted solely in order to justify their own prior unjustified conduct, and not to carry out to government policy with which they were entrusted, there would be no reason to provide immunity from suit." (Internal quotation marks omitted.) Shay v. Rossi, supra, 174.
Because the plaintiff, here, does not allege that the defendants acted pursuant to an unconstitutional enactment, the court need only analyze the complaint for sufficient facts to support a claim that the defendants acted in excess of their statutory authority. The following facts form the basis of the complaint: the plaintiff was forcibly removed from his vehicle, I thrown to the ground, handcuffed, forced into the back of a police cruiser, charged with driving under the influence (without probable cause) and denied medical treatment.
The factual allegations of the plaintiff's complaint do not rise to the level necessary to remove the shield of sovereign immunity from these state officials. The state police officers are entrusted with the power to arrest and to use force when deemed necessary. See General Statutes § 53a-22. The defendant was arrested and charged with driving under the influence. There are no factual allegations that the defendant troopers intentionally sought to hurt the plaintiff, or that they had ulterior motives for arresting or injuring him or for not taking him to the hospital. The plaintiff does not allege that he requested to be taken to the hospital, nor that he told anyone that he was injured. "[I]n order to overcome sovereign immunity, the plaintiff's must do more than allege that the defendants' conduct was in excess of their statutory authority; they must also allege or otherwise establish facts that reasonably support those allegations." Shay v. Rossi, supra, 174-75.
Accordingly, the doctrine of sovereign immunity bars the plaintiff's complaint as to the defendants in their official capacity.
 B Statutory Immunity, General Statutes § 4-165
The state also moves to dismiss on the ground that the complaint is barred by the doctrine of statutory immunity, arguing that "the instant complaint is devoid of allegations or facts sufficient to establish that the defendants acted in a wanton, reckless or malicious manner sufficient CT Page 12622 to carry their actions outside the scope of the statutory immunity provided by [General Statutes] § 4-165." (Defendants' Memorandum, p. 13.) The plaintiff argues in response, "because the Plaintiff is alleging with specificity behavior that is wanton, reckless and malicious, the Plaintiff's claims against the defendants as individuals should not be barred by the statutory immunity of Conn. Gen. Stat. § 4-165." (Plaintiff's Memorandum, p. 8.)
General Statutes § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . ." In Shay v. Rossi, supra,253 Conn. 181, the court explained that the meaning of "wanton, reckless or malicious," as used in General Statutes § 4-165, is the same as when it is used in the common-law context. "In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be some thing more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of I the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Id. "The mere use of the words "reckless' and "wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). In determining whether the defendants are entitled to statutory immunity, "we examine the pleadings to decide if the plaintiff has alleged sufficient facts . . ., to support a conclusion that the [defendants were] acting outside the scope of [their] employment or wilfully or maliciously." Antinerella v. Rioux, supra, 229 Conn. 489.
The plaintiff's complaint is twenty-four pages long. The facts are set forth in count one and subsequently incorporated into the remaining counts. These factual allegations do not demonstrate, nor allege, a "state of consciousness regarding the consequences of the defendants' actions." Shay v. Rossi, supra, 182. The complaint does not allege that the troopers intended to injure the plaintiff or that1 they had improper or self-serving motives. It also does not allege that the state defendants were acting outside the scope of their employment. It does allege that the defendant troopers used excessive force while arresting CT Page 12623 him. Such an allegation, however, while arguably sufficient to allege negligence or even gross negligence, does not amount to wanton, reckless or malicious behavior.
Accordingly, the claims against the defendants in their individual capacity are barred by General Statutes § 4-165 and, therefore, are also dismissed.
 C Exhaustion of Administrative Remedies
Having found that the plaintiff's claims are barred by the doctrines of sovereign and statutory immunity, the court must consider whether that immunity has been waived by the claims commissioner pursuant to General Statutes § 4-160 (a). Claims normally barred by the doctrine of sovereign immunity may be waived, in certain circumstances, by the claims commissioner. See General Statutes § 4-160 (a). When sovereign immunity has been waived and a claim has been authorized, "the claimant shall allege such authorization and the date on which it was granted. . . ." General Statutes § 4-165 (b).
In the present case, the plaintiff does not allege that the claims commissioner has authorized suit. Rather, he acknowledges that he filed a claim with the claims commissioner dated March 3, 2000, and asks the court to allow this suit before the claims commissioner has resolved that claim because he is concerned about the running of the statute of limitations.[1] In the alternative, the plaintiff states that he "would not object to these claims being stayed or held in abeyance pending final resolution by the Claims Commissioner." (Plaintiff's Memorandum, p. 9.)
Although the plaintiff has filed a claim with the claims commissioner, until a final decision is rendered, this court lacks subject matter jurisdiction to hear these matters brought against the state defendants as well as the state, itself. See Capers v. Lee, 239 Conn. 265, 267-68
n. 3, 684 A.2d 696 (1996); Krozser v. New Haven, 212 Conn. 415, 423,562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 757,107 L.Ed.2d 774 (1990).
In Krozser v. New Haven, supra, 415, the administrator of the decedent's estate brought suit against the State of Connecticut alleging state and federal causes of action. A claim was filed with the claims commissioner pursuant to §§ 4-147 and 4-165b seeking permission to sue the state. See id. Because the claims commissioner never acted on the claim, the administrator of the estate filed suit in Superior Court before the statute of limitations barred the claims. See id. The trial CT Page 12624 court dismissed the case and, in upholding this decision, the Supreme Court held that "[b]efore a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. . . . The claims commissioner, as previously noted, may waive that immunity, pursuant to General Statutes § 4-160 (a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim." (Citations omitted.) Krozser v. New Haven, supra, 423; accord Capers v.Lee, supra, 267-68 n. 3.
Accordingly, because the doctrine of sovereign immunity is applicable to all named defendants in this action, the court lacks subject matter jurisdiction until the matter is resolved by the claims commissioner.