[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs in this matter are Ermelina and Mario Guerrieri. The CT Page 6116 defendants are Erik and Giselle Hanson, the town of Trumbull (town), Paul Kallmeyer, director of public works for the town, and Leonard Provenzano, assistant director of public works for the town.[1] On June 4, 2001, the court, Rush, J., granted the plaintiffs motion to cite in the town, Kallmeyer and Provenzano as party defendants. This case concerns events which occurred on September 8, 2000. Ermelina Guerrieri, alleges that while she was walking in an easterly direction on the shoulder side of Plattsville Road in Trumbull, she was struck by an automobile owned by Giselle Hanson, and operated by Erik Hanson, Giselle Hanson's son.
The plaintiffs' fourth amended complaint containing fifteen counts was filed on August 15, 2001. Counts one through six are against Erik Hanson, for various claims of negligence and loss of consortium. Counts seven through twelve are against Giselle Hanson, for various claims of negligence and loss of consortium. Counts thirteen through fifteen are against the town, Kallmeyer and Provenzano. The plaintiffs allege that the town and its employees were negligent in their maintenance of the shoulder adjacent to the roadway where the plaintiff was injured. Specifically, the plaintiffs allege that the shoulder was overgrown which caused Ermelina Guerrieri to have to walk directly in the roadway. The plaintiffs argue that the lack of a walkway on the shoulder of the roadway created an unreasonable risk of injury to the plaintiff and other pedestrians.
The town, Kallmeyer, and Provenzano, filed a motion to dismiss counts thirteen, fourteen, and fifteen of the plaintiffs' complaint on October 26, 2001, and a memorandum of law in support thereof. The plaintiffs filed an memorandum in opposition on December 20, 2001.
The defendants argue that the court does not have subject matter jurisdiction over this matter because the allegations in the complaint are based on a highway defect and are therefore, governed by General Statutes § 13a-149. The defendants contend that the plaintiffs failed to comply with the notice provisions of the statute and therefore, the allegations against the town and its employees are not properly before the court.
The plaintiffs respond that the defendants have filed the wrong motion because a motion to strike is the proper vehicle for raising arguments regarding the sufficiency of pleadings. The plaintiffs also contend that this matter does not concern a highway defect and that they have alleged valid causes of action against these defendants pursuant to General Statutes §§ 7-101a and 7-465, which pertain to a municipality's assumption of liability for damage caused by its employees.[2]
CT Page 6117
 DISCUSSION
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999.) "Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint."Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "[A]lthough allegations of fact are to be read broadly in favor of the plaintiff, allegations that state conclusions of law are not given such presumptive validity." Shay v. Rossi, 253 Conn. 134, 141, 749 A.2d 1147
(2000).
As to the plaintiffs' contention that the defendants should have raised their arguments in a motion to strike instead of a motion to dismiss, the court disagrees. A claim that a court does not have subject matter jurisdiction must be addressed before a case can proceed. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1,4, 675 A.2d 845 (1996). The question of whether a plaintiff complied with the notice requirements of § 13a-149 implicates the subject matter jurisdiction of this court. See Ferreira v. Pringle, 255 Conn. 330, 354,766 A.2d 400 (2001). For the foregoing reasons, it is submitted that the motion to dismiss is proper as the question of subject matter jurisdiction is implicated.
As to the substance of the plaintiffs' allegations, the defendants contend that they invoke the defective highway statute in that the plaintiffs allege that the town and/or its agents had an obligation to CT Page 6118 maintain the shoulder of a roadway and the defective highway statute is construed to include both sidewalks and shoulders adjacent to a roadway. Further, the defendants argue, that in the plaintiffs' notice of the incident and intention to file a claim the plaintiffs state: "The roadway was defective in that the roadway and adjacent shoulder of the roadway was negligently maintained by the Town of Trumbull, and/or its agents and employees," and thus clearly invoked the defective highway statute.[3]
The defendants contend that because the plaintiffs are alleging a highway defect claim, they must comply with the notice requirements of General Statutes § 13a-149. The defendants assert that the plaintiffs have failed to comply with the notice requirement of ninety days because the notice of incident and intention to file claim was received on February 28, 2001, one hundred and seventy three days after the incident. The defendants argue that General Statutes § 13a-149 is the plaintiffs' exclusive remedy and that the plaintiffs' allegations of violations of General Statutes §§ 7-101a and 7-465 are just an attempt to circumvent the requirements of the statute.
The plaintiffs also assert that the defective highway statute does not apply to this action because their allegations regarding the lack of a walkway constitute a nuisance claim, not a defective highway claim. Furthermore, the plaintiffs contend that they alleged valid causes of action pursuant to General Statutes §§ 7-101a and 7-465 and that they have complied with the notice provisions thereof. The plaintiffs conclude that the defendants have done nothing to establish facts that show the defective highway statute is applicable to the shoulder of roadway in question here.
"A town is not liable for highway defects unless made so by statute. . . . Section 13a-149 [the defective highway statute] affords a right of recovery against municipalities. . . . Under13a-149, [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . [Pursuant to] § 52-557n[4]
. . . in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiffs exclusive remedy. . . . In addition, because § 7-465 (a) requires a municipality to indemnify its officers for their negligent acts, § 52-557n also bars a joint action seeking damages against a municipality and its officer for damages resulting from a highway defect." (Citations omitted; internal quotation marks omitted.)Ferreira v. Pringle, 255 Conn. 330, 341, 766 A.2d 400 (2001).
Accordingly, if the area where Ermelina was injured is included in the areas covered by the defective highway statute, § 13a-149, her only remedy is under § 13a-149. "[W]hether a highway is defective may CT Page 6119 involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question. . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . . [I]f there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." (Citations omitted; internal quotation marks omitted.) Id, 341-42.
The plaintiffs' failure to expressly plead a cause of action pursuant to § 13a-149, is not controlling. Instead, the court should consider its application to the facts of the case. For example, in Ferreira v.Pringle, the trial court rejected the plaintiffs argument that it could not determine the sufficiency of his allegations on the basis of General Statutes § 13a-149 because his allegations did not pertain to the road. The Supreme Court concluded that the plaintiffs allegations that he fell over an obstacle on the shoulder of the roadway "necessarily invoke the defective highway statute. Therefore, the plaintiffs exclusive remedy for his injuries in under § 13a-149." Id., 340.
The facts of Ferreira are on point with this case. In that case, the plaintiff was injured when he fell after disembarking from a public bus on the grassy shoulder of the highway. The plaintiff tripped on a remnant of a severed steel signpost embedded in the grass, fell in the roadway and was hit by the bus. The plaintiff filed notice pursuant to § 7-465
alleging that the town was negligent in maintaining the shoulder of the roadway. The plaintiff argued that the trial court improperly "went beyond the facts alleged in the complaint and made a factual determination that the plaintiff [had been] injured by means of a defective road or bridge when he [actually had fallen] on a lawn." Id., 343. The court disagreed, explaining that although "the alleged defect was not located in the paved portion of the road, we repeatedly have determined that the purview of § 13a-149 is not limited solely to defects that are located in the road." (Emphasis in original.) Id., 344.
The plaintiff claims she was injured because she was forced to walk in the road due to the shoulder of the road being overgrown and that her case is thus distinguishable from Ferreira v. Pringle because here, the town did not provide a sidewalk at all. The court disagrees. "The word road or highway as used in the highway defect statute has usually been construed to include sidewalks. . . . The term sidewalk is meant to apply to those areas that the public uses for travel. . . . Furthermore, a CT Page 6120 highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Citations omitted.) Novickiv. New Haven, 47 Conn. App. 734, 740, 709 A.2d 2 (1998). The presence of a sidewalk or lack thereof does not effect the application of the defective highway statute. As stated by the Supreme Court in rejecting such an argument, "To hold that a defect . . . must exist in the traveled portion of the highway would run counter to our decisions and lead to results bordering on the ridiculous. . . . If in the use of the traveled portion of the highway and, as incidental thereto, the use of the shoulders for the purposes for which they are there, a condition exists which makes travel not reasonably safe for the public, the highway is defective." Ferreira v. Pringle, supra, 255 Conn. 344. The plaintiffs allegations fit squarely within the defective highway statute; due to the town's failure to maintain the shoulder, she was forced to walk in the roadway and was injured. It is foreseeable that individuals will use the shoulder of the road for a number of reasons, vehicle breakdowns, walking and sometimes parking. The plaintiffs, therefore, should have filed a claim under the defective highway statute. See also Switser v. Milford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 066410 (May 2, 2001, Arnold, J.) (the plaintiffs sole remedy was under the defective highway statute because the fence she was leaning against when she fell was part of the highway and abutted the sidewalk).
Finally, as noted by the defendants, "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice within ninety days of the accident." Id., 354. General Statutes § 13a-149 provides, in pertinent part, "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town . . .".
The statutory notice requirement "assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims. The notice requirement strikes a balance between the public benefit and the private right to seek a remedy. `[S]uch reasonable conditions and regulations as are demanded by the public good, and have for their object the promotion of the cause of justice and the general convenience, do not amount to an infringement' of our constitution." Id., 198. CT Page 6121
It is undisputed that the plaintiffs filed their notice of incident and intent to file suit on February 28, 2001, one hundred and seventy three days after the incident occurred. (Defendants' Memorandum, Burr Affidavit, ¶ 6; Plaintiffs' Memorandum, p. 1-2.) The plaintiffs' failure to comply with the notice requirements of § 13a-149 deprives this court of subject matter jurisdiction on this action. Ferreira v.Pringle, supra, 255 Conn. 354.
Accordingly, defendants' motion to dismiss counts thirteen, fourteen, and fifteen of the plaintiffs' complaint is granted.
GALLAGHER, J.