[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts of this case arise out of an alleged highway defect. On July 27, 1999, Casey Jones, the plaintiff,[1] rode her bicycle on Crown Street in the Crown Village Apartment complex which is located in Meriden. While riding over a vacant parking space, her tire struck a "raised water pipe." As a result, she fell from her bicycle and broke her arm and suffered "other injuries, the exact nature and extent of which are not yet known."
The plaintiff filed suit against the city of Meriden (Meriden) and the Crown Village Condominium Association (Crown Village) on July 11, 2001. The amended complaint alleges negligence against Meriden pursuant to General Statutes § 13a-149,[2] the highway defect statute, in the first count and negligence against Crown Village in the second count.
On January 14, 2002, Meriden filed a motion for summary judgment on the first count. The plaintiff filed an objection to the motion on January 29, 2002. The court heard argument on the motion on February 25, 2002.
Meriden has filed a motion for summary judgment on the ground that "the area where the plaintiff alleges to have been injured is not a public street and not in the possession and control of the City of Meriden." "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 7648 that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 744-45, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 745. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries v. Greater New YorkMutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) River Dock Pile, Inc. v.Insurance Co. of North America, 57 Conn. App. 227, 231, 747 A.2d 1060
(2000).
In support of its motion, Meriden has submitted an affidavit from the acting city engineer, Pierre Blanchet. Blanchet avers that "[t]he Crown Village Apartments, in the City of Meriden, is a privately owned complex" and "[t]he Crown Village Apartment complex is not owned, controlled, maintained or possessed by the City of Meriden." He also avers that "[t]he City of Meriden is not responsible in any way for the maintenance or repair of the premises within the Crown Village Apartment complex, including roads, streets, driveways and parking areas within the complex."
The plaintiff counters that this affidavit does not meet the burden that Meriden must sustain in order to obtain summary judgment because ownership does not determine liability for a highway defect case and because Meriden is responsible for the raised water pipe. The plaintiff has not supplied the court with any documentation to counter Meriden's averments.
"The statutory provisions of § 13a-149 have two components that must be met to trigger its application: (1) the plaintiff must have sustained an injury by means of a defective "road or bridge' and (2) the party whom the plaintiff is suing must be the `party bound to keep [the location where the injury was sustained] in repair.'" (Emphasis added.)Novicki v. City of New Haven, 47 Conn. App. 734, 739-40, 709 A.2d 2
(1998). Meriden does not contest that the plaintiff was injured by a defective road or bridge. Meriden must, therefore, demonstrate that it was not the party bound to keep the location in repair in order to prevail.
Ownership alone does not determine whether a municipality is liable for CT Page 7649 a highway defect. Id., 742. Blanchet avers, however, that Meriden is not in any way responsible for maintenance of Crown Village's roads or premises. The plaintiff has offered no evidence to buttress its claim that the defendant is responsible for repairing the location that caused the injury because Meriden is responsible for the pipe. Despite plaintiff's argument to the contrary, it is of no moment that Meriden may be responsible for repairing the pipe because § 13a-149 looks only to who is responsible for repairing the location of the defect, not the cause of the defect itself. Id., 740-41.
This strict construction of the highway defect statute accords with well-settled principles of statutory interpretation. "A municipality itself was generally immune from liability for its tortious acts at common law. . . . [Therefore, statutes] that abrogate or modify governmental immunity are to be strictly construed. . . . This rule of construction stems from the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." (Citations omitted; internal quotation marks omitted.)Tryon v. North Branford, 58 Conn. App. 702, 720, 755 A.2d 317 (2000). It would improperly enlarge the reach of § 13a-149 to hold Meriden responsible for a defect located upon a road that it does not own, maintain or control.
For the reasons stated, the motion for summary judgment is granted.
BY THE COURT
Gilardi, J.