[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is a Motion to Dismiss filed by the defendant in which the defendant argues that the court does not have jurisdiction over this matter because the plaintiff has failed to satisfy the requirements of the defective highway statute. That statute requires that an injured party recover only from "the party bound to keep [the road] in repair." General Statutes, section 13a-149. Because the defendant argues that the road at issue was under the care and control of the East Haven Board of Education, it claims a right to the dismissal of this action.
The allegation in this case is that the plaintiff fell on an open catch basin located at 67 Hudson Street, East Haven, Connecticut. Complaint, dated April 30, 1998, paragraph 6. The catch basin was located on the roadway leading into the Joseph Melillo Middle School. Complaint, dated April 30, 1998, paragraph 6. The plaintiff disputes that the roadway at issue was under the care and control of the East Haven Board of Education. Rather, the plaintiff presented evidence that the city, not the Board of Education, bore the responsibility of maintaining the roadway.
The defendant relies on General Statute section 10-220 and an affidavit from the Town engineer to support its argument that this action should be dismissed. Section 10-220 reads that: "Each local or regional board of education . . . shall have the care, maintenance and operations of buildings, lands, and apparatus and other property used for school purposes . . ." The affidavit of the Town Engineer states that the town is not responsible for the upkeep of the property upon which the plaintiff fell.[1]
Notwithstanding the affidavit appended to the defendant's brief, the court finds that the records produced by the defendant in response to discovery requests clearly indicate that the defendant accepted and acted upon complaints regarding Hudson Street.[2] This evidence also clearly indicates that the defendant plowed and maintained Hudson Street. These CT Page 16201 facts distinguish this case from the cases cited in the defendant's brief, Novicki v. New Haven, 47 Conn. App. 734, 742 (1998), and Amore v.Frankel, 228 Conn. 358 (1994).[3] Furthermore, this court notes that property which is "leading into" to a school is not necessarily synonymous with or equivalent to the phrase "property used for school purposes". Therefore, this court finds that the plaintiff has established that the defendant bore responsibility for maintaining the property upon which he fell. "Ownership of property does not establish liability . . . Rather, it is the governmental entity charged with `the duty . . . to keep [the property] in repair'; or `the party bound to keep [the property] in repair'; on which the statutes impose liability under certain circumstances." (Citations omitted.) Novicki v. New Haven, supra at 742.
Accordingly, the defendant's motion to dismiss is denied.
 ___________________ Angela Robinson-Thomas, Judge