[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion to strike the second and third counts of the plaintiff's amended complaint. CT Page 13433
In their memorandum of law, filed in support of the motion, the defendants argue that these counts are barred as a matter of law by Connecticut General Statutes § 52-557n.
In its brief, the defendant relies heavily on Novicki v. Cityof New Haven, 47 Conn. App. 734 (1998).
The plaintiff alleges in her complaint that while exiting from the Groton Town Hall, she fell as a result of an uneven surface on the exterior steps. She further alleges, that as a result of the improperly maintained condition of the steps and walkway, she was injured.
There does not appear to be any Connecticut cases which address directly the issue as to whether municipal steps constitute a "highway" for purposes of the Connecticut highway defect Statute § 13a-149.
The plaintiff cites Roberts v. Town of Stonington, Superior Court, judicial district of New London, Docket No. 535354 (January 2, 1996) (Austin, J.) (CONN. L. RPTR.), as persuasive authority for the proposition that the highway defect statute does not apply. In Roberts v. Town of Stonington, the court allowed the plaintiff to bring her claim under the defective highway statute and in the alternative under General Statutes § 7-465 since the court was unsure whether the highway defect applied to municipal steps.[1] Roberts v. Townof Stonington, supra, Superior Court, Docket No. 535354.
Prior to Novicki, supra, it was well established law in Connecticut that sidewalks were a "highway" for purposes of the highway defect statute. Novicki, however, appears to have extended prior, narrow areas of attention by focusing on whether the area in dispute is "public" in nature.
In Novicki, supra, the plaintiff was injured when she fell on a walkway which was on public property and led from a city street to a public school. The court noted that, "[t]he word road or highway as used in the highway defect statute has usually been construed to include sidewalks . . . [t]he term sidewalk is meant to apply to those areas that the public uses for travel." (Citations omitted.) Novicki v. City of New Haven, supra,47 Conn. App. 740. Applying this reasoning, the court held that it was reasonable to anticipate that the public would make use of the walkway in question and, therefore, the walkway was a "road CT Page 13434 or bridge" for purposes of the highway defect statute. Id.
In Coutermash v. City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313492 (November 21, 1995) (Maiocco, J.) (CONN. L. RPTR.), the court stated "the essential feature of a highway is that it is a way over which the public at large has a right to pass . . . [t]he use by the public is the key element of a public highway."
Other courts have similarly focused on the public nature of the site in question to determine whether it is subject to the highway defect statute. "The essential feature of a highway is that it is a way over which the public at large has a right to pass . . . [t]he use by the public is the key element of a public highway." (Citations omitted.) Coutermash v. City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313492 (November 21, 1995) (Maiocco, J.) (CONN. L. RPTR.)
The outside steps and walks of a public facility, namely a town hall, are a way over which the public has a right to pass and it is reasonably anticipated that the public would make use of them to travel to the public facility.
Additionally, courts have held that steps may classify as a "defect" under the highway defect statute if they are in or near a traveled path which could hinder use of that path." Smith v.City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 124281 (August 13, 1996) (Pellegrino, J.) (CONN. L. RPTR.). "A defect has been defined to be any object in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purposes of traveling thereon, or which, from its nature and position, would be likely to produce that result. . ." (Citations omitted; internal quotation marks omitted.) Id.
"Whether there is a defect in such proximity to the highway so as to be considered in, upon or near the traveled path of the highway, must be determined on a case by case basis after a proper analysis of its own particular circumstances, and isgenerally a question of fact for the jury . . . However, where a path is so far removed from the traveled path of the highway . . . the question may be resolved as a matter of law. . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Mercado v. Metro-North CommuterCT Page 13435Railroad, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 129593 (November 5, 1993) (Lewis, J.) (8 C.S.C.R. 1282).
In the present case, the plaintiff has alleged that the walks exiting the Groton Town Hall were improperly maintained. The only structural defect the plaintiff asserts, however, is to the town hall steps.
The court concludes, as a matter of law, that the alleged defect area is in close proximity to the walkway and, therefore, the highway defect statute is applicable under the allegations of this complaint.
The motion to strike is denied
Mihalakos, J.