IRENE D. BELLEMARE *v.* WACHOVIA
MORTGAGE CORPORATION
(SC 17726)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.*

---

* The listing of justices reflects their seniority status as of the date of oral argument.

Argued March 15—officially released October 9, 2007

*Eddi Z. Zyko*, for the appellant (plaintiff).

*Thomas A. Kaelin*, for the appellee (defendant).

*Opinion*

ZARELLA, J. The plaintiff, Irene D. Bellemare, appeals, following our grant of certification,[1] from the

---

[1] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the plaintiff's claim for damages under General Statutes § 49-8 is barred by the statute of limitations, General Statutes § 52-577?" *Bellemare* v. *Wachovia Mortgage Corp.*, 280 Conn. 901, 907 A.2d 88 (2006).

judgment of the Appellate Court affirming in part[2] the trial court's judgment rendered in favor of the defendant, Wachovia Mortgage Corporation. The principal issue in this certified appeal is whether the trial court properly applied the three year statute of limitations set forth in General Statutes § 52-577[3] to the plaintiff's claim for damages arising from the defendant's failure to provide a release of mortgage to the plaintiff pursuant to General Statutes § 49-8.[4] On appeal, the plaintiff

---

[2] We note that the Appellate Court reversed that part of the trial court's judgment dismissing as time barred the plaintiff's claim that the defendant had breached the implied covenant of good faith and fair dealing. *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 610, 894 A.2d 335 (2006). Accordingly, the Appellate Court reversed the judgment as to that claim and remanded the case for further proceedings. Id. We do not address this claim, however, as we declined to grant certification to appeal with respect to this issue. See *Bellemare* v. *Wachovia Mortgage Corp.*, 280 Conn. 901, 907 A.2d 88 (2006).

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] General Statutes § 49-8 provides: "(a) The mortgagee or a person authorized by law to release the mortgage shall execute and deliver a release to the extent of the satisfaction tendered before or against receipt of the release: (1) Upon the satisfaction of the mortgage; (2) upon a bona fide offer to satisfy the mortgage in accordance with the terms of the mortgage deed upon the execution of a release; (3) when the parties in interest have agreed in writing to a partial release of the mortgage where that part of the property securing the partially satisfied mortgage is sufficiently definite and certain; or (4) when the mortgagor has made a bona fide offer in accordance with the terms of the mortgage deed for such partial satisfaction on the execution of such partial release.

"(b) The plaintiff or the plaintiff's attorney shall execute and deliver a release when an attachment has become of no effect pursuant to section 52-322 or section 52-324 or when a lis pendens or other lien has become of no effect pursuant to section 52-326.

"(c) The mortgagee or plaintiff or the plaintiff's attorney, as the case may be, shall execute and deliver a release within sixty days from the date a written request for a release of such encumbrance (1) was sent to such mortgagee, plaintiff or plaintiff's attorney at the person's last-known address by registered or certified mail, postage prepaid, return receipt requested, or (2) was received by such mortgagee, plaintiff or plaintiff's attorney from a private messenger or courier service or through any means of communication, including electronic communication, reasonably calculated to give the

claims that, because the trial court should have applied the six year statute of limitations set forth in General Statutes § 52-576,[5] the Appellate Court incorrectly upheld the trial court's conclusion that the plaintiff's claim for damages was time barred. We disagree and, accordingly, affirm the judgment of the Appellate Court.

The following facts and procedural history are set forth in the opinion of the Appellate Court. "On or about May 31, 1998, William A. Bellemare and the plaintiff sold their home at 225 Citizens Avenue . . . [in] Waterbury.[6] The [home was] subject to a mortgage held by the defendant. On June 18, 1998, the plaintiff's counsel sent the defendant a check in the amount of $31,729.34 as payment in full of the mortgage loan balance due to the defendant. The defendant received the sum in satisfaction of the loan . . . but [allegedly] failed to execute and deliver a release of the mortgage to the plaintiff.

"In April, 2003, the plaintiff, upon discovering that the release had not been recorded in the land records, demanded a release of the mortgage and damages in

person the written request or a copy of it. The mortgagee or plaintiff shall be liable for damages to any person aggrieved at the rate of two hundred dollars for each week after the expiration of such sixty days up to a maximum of five thousand dollars or in an amount equal to the loss sustained by such aggrieved person as a result of the failure of the mortgagee or plaintiff or the plaintiff's attorney to execute and deliver a release, whichever is greater, plus costs and reasonable attorney's fees."

Although § 49-8 was amended in 2003; see Public Acts 2003, No. 03-19, § 111; those amendments were technical in nature and have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of § 49-8.

[5] General Statutes § 52-576 provides in relevant part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[6] "On May 31, 1998, William A. Bellemare gave the plaintiff power of attorney." *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 610, 894 A.2d 335 (2006).

the amount of $5000 pursuant to § 49-8. The defendant provided the requested release, dated May 13, 2003, but declined to pay the sum of $5000. On December 22, 2003, the plaintiff filed a three count complaint against the defendant. The [plaintiff] . . . sought damages (1) pursuant to § 49-8, (2) under [the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.] and (3) for breach of an implied covenant of good faith and fair dealing.

"In its answer, the defendant acknowledged that the loan had been paid in full but maintained that a timely release of the mortgage and a duplicate release had been sent to the plaintiff's counsel. The defendant also raised as special defenses to all counts that the claims were barred by applicable statutes of limitation and filed a motion for summary judgment on all counts on the basis of these special defenses.

"The [trial] court granted the defendant's motion for summary judgment on the grounds asserted. For the CUTPA count, the court relied on CUTPA's three year statute of limitations. See General Statutes § 42-110g (f). As to the remaining counts, the court concluded that the plaintiff's claims sounded in tort and, therefore, were barred by § 52-577, the statute of limitations applicable generally to tort actions." *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 595–96, 894 A.2d 335 (2006). The trial court thereafter rendered judgment for the defendant on all counts of the plaintiff's complaint.

The plaintiff appealed to the Appellate Court from the trial court's judgment, claiming, inter alia, that a cause of action brought pursuant to § 49-8 does not sound in tort but, rather, in contract, and that, because the statute of limitations applicable to contract actions, namely, § 52-576, allows such an action to be brought within six years of the alleged breach, her claim was

not time barred. The Appellate Court affirmed the judgment of the trial court in part, and this certified appeal followed.

The sole issue we address on appeal is whether the trial court improperly applied the three year statute of limitations of § 52-577 to the first count of the plaintiff's complaint.[7] The plaintiff alleged, in the first count of her complaint, that the defendant had violated § 49-8 by failing to provide a release of mortgage within sixty days of the satisfaction of the underlying debt. The defendant claims that § 52-577 is the statute of limitations applicable to the plaintiff's claim under § 49-8 and that the trial court properly concluded, therefore, that that claim was time barred. We agree with the defendant.

We begin our analysis with the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the

---

[7] The plaintiff also claims that, even if the tort statute of limitations applies to § 49-8, the defendant's continuing course of conduct tolled that statute. This claim is without merit. We agree with the Appellate Court that the undisputed facts in this case demonstrate that "there [was] no evidence that the alleged violation continued to evolve after the act complained of was complete. Indeed, the only subsequent act of the defendant that the plaintiff claims constituted a continuing course of conduct was the defendant's continued failure to execute and deliver the release. Although it may be true that the defendant never was released of its . . . statutory [obligation] to provide a release of mortgage once the debt was satisfied, its failure to provide the appropriate release constituted a single omission and not an ongoing or recurring wrongful act." *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 94 Conn. App. 609.

absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 6–7, 882 A.2d 597 (2005).

Public policy generally supports the limitation of a cause of action in order to grant some degree of certainty to litigants. See, e.g., *Neuhaus* v. *DeCholnoky*, 280 Conn. 190, 206–207, 905 A.2d 1135 (2006); *Tarnowsky* v. *Socci*, 271 Conn. 284, 296, 856 A.2d 408 (2004); *DeLeo* v. *Nusbaum*, 263 Conn. 588, 596, 821 A.2d 744 (2003). "The purpose of [a] statute of limitation . . . is . . . to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." (Internal quotation marks omitted.) *Neuhaus* v. *DeCholnoky*, supra, 206–207. Therefore, when a statute includes no express statute of limitations, we should not simply assume that there is no limitation period. Instead, we borrow the most suitable statute of limitations on the basis of the nature of the cause of action or of the right sued upon. See, e.g., *Woody* v. *State Farm Fire & Casualty Co.*, 965 F. Sup. 691, 692 (E.D. Pa. 1997); *Lowe* v. *Volkswagen of America, Inc.*, 879 F. Sup. 28, 30 (E.D. Pa. 1995); *Johnson & Higgins of Texas, Inc.* v. *Kenneco Energy, Inc.*,

962 S.W.2d 507, 518 (Tex. 1998); cf. *Gazo* v. *Stamford*, 255 Conn. 245, 263, 765 A.2d 505 (2001).

In the present case, although the existence of a mortgage suggests that the plaintiff's claim sounds in contract, the duty that allegedly was breached was created by statute. We first note that "[t]he fundamental difference between tort and contract lies in the nature of the interests protected. . . . The duties of conduct which give rise to [a tort action] are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or intention of the parties." W. Prosser, Torts (3d Ed. 1964) § 93, p. 634. Furthermore, other courts have held that, when a plaintiff seeks to recover damages for the breach of a statutory duty, such an action sounds in tort. See, e.g., *Curtis* v. *Loether*, 415 U.S. 189, 195, 94 S. Ct. 1005, 39 L. Ed. 2d 260 (1974) (damages action pursuant to statute sounds in tort because it defines new legal duty and authorizes courts to compensate plaintiff for injury caused by defendant's wrongful breach of duty); *Federal Deposit Ins. Corp.* v. *Citizens Bank & Trust Co.*, 592 F.2d 364, 368–69 (7th Cir.) (liability for breach of duty imposed by statute sounds in tort), cert. denied, 444 U.S. 829, 100 S. Ct. 56, 62 L. Ed. 2d 37 (1979).

On the other hand, "[c]ontract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of [the] conduct of the parties manifesting consent, and are owed only to the specific individuals named in the contract." W. Prosser, supra, § 93, p. 634. In short, "[a]n action in contract is for the breach of a duty arising out of a contract; an action in tort is for a breach of duty imposed by law." *Gazo* v. *Stamford*, supra, 255 Conn. 263.

In the first count of her complaint, the plaintiff sought damages for the defendant's alleged violation of § 49-8. Pursuant to General Statutes § 49-8 (c), "[t]he mort-

gagee . . . shall execute and deliver a release within sixty days from the date a written request for a release of such encumbrance (1) was sent to such mortgagee . . . ." There is no allegation in this count of the complaint that a term of the mortgage contract had been breached. In fact, the mortgage contract may be silent with regard to the issuance of a release, may provide for a longer or shorter time period for the issuance of a release, or may be vague or uncertain as to the period for the issuance of a release.[8] Thus, the duty to release the mortgage that the plaintiff complained of in the first count of her complaint did not arise from the mortgage contract but, rather, from § 49-8, which also prescribes damages for a breach of that statutory duty. Therefore, such a breach is tortious in nature and not contractual.

In addition, employing the plaintiff's analysis would lead to multiple statutes of limitation being applicable to the duty created by § 49-8. We note that the damages provision set forth in § 49-8 (c) applies to both § 49-8 (a), which deals with mortgages, and § 49-8 (b), which applies to an ineffective attachment, lis pendens or other lien. Section 49-8 provides that a release must be executed and delivered within sixty days of the date of a written request for a release of, inter alia, a satisfied mortgage or an ineffective attachment, lis pendens or lien. An attachment, lis pendens or lien may be based on claims that do not arise out of a contractual relationship. Thus, for example, an attachment to secure a potential judgment in a negligence action would, under the plaintiff's theory, result in the application of the tort statute of limitations to the duty of § 49-8 to execute and deliver a release. If the attachment were based on an obligation arising out of a contract, however, the plaintiff would apply the contract statute of limitations to that duty. Thus, the duty established by § 49-8 to

---

[8] We note that the record and case file do not contain a copy of the mortgage contract.

release an invalid encumbrance within sixty days would have multiple statutes of limitation depending on the situation. Applying multiple statutes of limitation to a singular duty created by statute is an odd result, one that we generally attempt to avoid. See, e.g., *State* v. *George J.*, 280 Conn. 551, 574–75, 910 A.2d 931 (2006), cert. denied, 549 U.S. 1326, 127 S. Ct. 1919, 167 L. Ed. 2d 573 (2007).

Furthermore, the cause of action created by § 49-8 is akin to an action for slander of title. "Slander of title is a *tort* whereby the plaintiff's claim of title [to] land or other property is disparaged by a letter, caveat, mortgage, lien or some other written instrument . . . ." (Emphasis added.) D. Wright, J. Fitzgerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 167, p. 447. A cause of action for slander of title consists of "any false communication which results in harm to interests of another having pecuniary value . . . ." (Internal quotation marks omitted.) *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, 256 Conn. 343, 359 n.15, 773 A.2d 906 (2001). See generally 5 Restatement (Second), Torts § 623A (1981). In other words, slander of title is a falsehood published to third parties that is not withdrawn after a demand by the titleholder, which impugns the basic integrity or creditworthiness of an individual or a business. See *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, supra, 359 n.15. It follows, therefore, that A may bring an action for slander of title when B improperly records a mortgage against the deed to A's home and does not correct such an impropriety upon A's demand. Such an action lies in tort and is akin to an action for damages pursuant to § 49-8.

Nevertheless, the plaintiff claims that the six year statute of limitations set forth in § 52-576 is applicable in this case because an action based on § 49-8 sounds in contract. Specifically, the plaintiff contends that such a cause of action sounds in contract because § 49-8 is, in effect, a liquidated damages clause. We disagree.

We long have held that contracting parties may decide on a specified monetary remedy for the failure to perform a contractual obligation. See, e.g., *American Car Rental, Inc.* v. *Commissioner of Consumer Protection,* 273 Conn. 296, 306, 869 A.2d 1198 (2005). " '[T]he law is well established in this jurisdiction, as well as elsewhere, that a term in a contract calling for the imposition of a penalty for the breach of the contract is contrary to public policy and invalid, but a contractual provision fixing the amount of damages to be paid in the event of a breach is enforceable if it satisfies certain conditions.' . . .

" 'A provision for liquidated damages, on the other hand, is one the real purpose of which is to fix fair compensation to the injured party for a breach of the contract. In determining whether any particular provision is for liquidated damages or for a penalty, the courts are not controlled by the fact that the phrase "liquidated damages" or the word "penalty" is used. Rather, that which is determinative of the question is the intention of the parties to the contract. Accordingly, such a provision is ordinarily to be construed as one for liquidated damages if three conditions are satisfied: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract.' " (Citation omitted.) Id., 306–307.

In the present case, § 49-8 is not akin to a liquidated damages clause because, although the damages may be difficult to prove, they did not arise from an agreement of the parties, and the parties, therefore, could not have

had the intent to liquidate damages. In addition, the purported liquidated damages provision set forth in § 49-8 is not related to "the amount of the damage [that] . . . seemed to be the presumable loss [that] would be sustained . . . in the event of a breach of the contract." (Internal quotation marks omitted.) Id., 307. In fact, § 49-8 (c) cannot be related to "presumable loss[es]" that would be sustained by a party in the event of a violation of § 49-8 because the amount of damages under the statute is fixed under all circumstances. See General Statutes § 49-8 (c) (providing for "damages to any person aggrieved at the rate of two hundred dollars for each week after the expiration of such sixty days up to a maximum of five thousand dollars"). Therefore, in order for that portion of § 49-8 to be analogous to a liquidated damages clause, the statute would have to foresee that the damages for the failure to release *all* ineffective liens, lis pendens, and attachments and all satisfied mortgages are not greatly disproportionate to $200 for each week after the expiration of the sixty day period, up to a maximum of $5000. Because the amount of damages foreseeable in such actions can vary greatly, depending on the different underlying factual circumstances surrounding every transaction, we disagree with the plaintiff that § 49-8 is akin to a liquidated damages clause. In fact, it is more analogous to a penalty provision.

Having determined that an action for damages under § 49-8 sounds in tort, we conclude that the defendant was entitled to judgment in its favor because the plaintiff had failed to bring her claim within three years of the defendant's violation of § 49-8, in accordance with § 52-577. In her complaint, the plaintiff alleged that the defendant's violation of § 49-8 occurred in July, 1998, when the defendant allegedly failed to provide the release of mortgage. The plaintiff commenced this action, however, in December, 2003, more than two

years after the statute of limitations had expired. Accordingly, the Appellate Court correctly concluded that the plaintiff's claim is barred by the applicable statute of limitations.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

* The listing of justices reflects their seniority status on this court as of the date of oral argument.