RICHARD READ *v.* TOWN OF PLYMOUTH ET AL.
(AC 28523)

Bishop, Harper and Lavery, Js.

Argued May 22—officially released October 7, 2008

*Paul E. Daddario*, for the appellant (plaintiff).

*Joseph M. Busher, Jr.*, with whom, on the brief, was *Andrew J. O'Keefe*, for the appellees (defendants).

*Opinion*

BISHOP, J. The plaintiff, Richard Read, appeals from the judgment of the trial court rendered after the granting of a motion to strike certain counts of his complaint filed by the defendants, the town of Plymouth (town), Ralph J. Zombouski and Gary Belanger, and a motion for summary judgment filed by the town as to the remaining count. On appeal, the plaintiff claims that the court improperly (1) struck counts of his complaint on the basis that General Statutes § 13a-149[1] is the exclusive remedy for a highway defect claim and (2) rendered summary judgment on the remaining count on the basis of its conclusion that the location of his fall was not a public highway within the purview of § 13a-149. We reverse in part and affirm in part the judgment of the trial court.

The following procedural history is pertinent to the issues on appeal. The plaintiff filed this action against the town and the individual defendants in their capacities as department of public works employees, alleging that he sustained injuries when he fell into a moveable dumpster at the town waste transfer station while attempting to discard waste. The plaintiff alleged that he tripped and fell as a result of a broken or separated concrete block that formed a platform or wall above the dumpster. The first count of the plaintiff's second revised complaint was directed at the town and sounded in nuisance. The second count was brought against the town pursuant to the defective highway statute, § 13a-149. The third count was against the town and was

---

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."

based on General Statutes § 13a-152. The fourth and fifth counts were directed at Zombouski and Belanger and sounded in negligence. The sixth and seventh counts were against the town and Zombouski and claimed nuisance and negligence, respectively, pursuant to General Statutes § 52-557n. The eighth count was also against the town and Zombouski and was premised on §§ 13a-149 and 52-557n.

The defendants filed a motion to strike the first, third, fourth, fifth, sixth, seventh and eighth counts of the plaintiff's second revised complaint on the basis that the defective highway statute, § 13a-149, as alleged in the second count, was the exclusive remedy for the plaintiff's claim. The defendants also argued that the fourth and fifth counts were legally insufficient because the individual defendants were entitled to governmental immunity. The court granted the defendants' motion to strike the first, third, fourth, fifth, sixth, seventh and eight counts of the complaint on the basis that the defective highway statute provided the exclusive remedy against the town. The court also granted the motion to strike the fourth and fifth counts on the additional ground of governmental immunity. The plaintiff did not file a substitute pleading, and judgment entered for the defendants on those counts.[2]

Subsequently, the defendant town moved for summary judgment with respect to the second count of the second revised complaint on the basis that the plaintiff's injury did not occur on a public highway and that the claim, therefore, was not within the purview of § 13a-149. The court granted the motion for summary judgment, reasoning that because the transfer station

[2] Practice Book § 10-44 provides in relevant part that if a "party whose pleading or a count thereof has been . . . stricken fails to file a new pleading within [fifteen days after the granting of the motion to strike], the judicial authority may, upon motion, enter judgment against said party on such stricken [pleading] . . . ."

was limited to residents of the town of Plymouth who had permits, the transfer station was not a public highway and, consequently, did not fall within § 13a-149. This appeal followed.

I

The plaintiff first claims that the court improperly granted the defendants' motion to strike on the basis that the defective highway statute was the exclusive remedy available to him when he had, in one count, invoked its protection as an alternate theory.[3] We agree.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park, Inc.*, 277 Conn. 113, 117, 889 A.2d 810 (2006).

In objecting to the defendants' motion to strike, the plaintiff conceded that if the location of his fall was a municipal highway, then the defective highway statute would be his exclusive remedy. He argued, however, that he was pleading in the alternative because the defendants were contesting that the area in question was a public highway.

"Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories

_____

[3] Although the plaintiff nominally has challenged the court's ruling on the motion to strike in its entirety, he has offered no argument in opposition to the court's finding of governmental immunity as to the fourth and fifth counts. Therefore, we address the court's ruling on the motion to strike only as to the first, third, sixth, seventh and eighth counts.

of liability against one or more defendants in a single complaint." *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 245, 492 A.2d 164 (1985); *DeVita* v. *Esposito*, 13 Conn. App. 101, 105, 535 A.2d 364 (1987) (alternative pleading justified when pleader does not know all facts necessary to make election), cert. denied, 207 Conn. 807, 540 A.2d 375 (1988); see also Practice Book § 10-25.[4]

In rejecting the plaintiff's claim that he was entitled to plead in the alternative, the court relied on *Ferreira* v. *Pringle*, 255 Conn. 330, 766 A.2d 400 (2001). *Ferreira* is distinguishable from the case at hand, however, because, the court in *Ferreira* determined that the plaintiff's injuries had "resulted from conditions constituting a highway defect . . . ." Id., 354. Because, in this case, it was not clear when the court struck the subject counts that the plaintiff's claim was within the purview of the defective highway statute, his complaint properly contained alternative theories of recovery. Consequently, the court improperly struck the first, third, sixth, seventh and eighth counts of his second revised complaint on the basis of yet undetermined facts regarding the applicability of the defective highway statute.

## II

The plaintiff also claims that the court improperly rendered summary judgment regarding the count in which he alleged that his fall had occurred on a public highway. He claims that the court incorrectly determined that there were no genuine issues of material fact regarding the location of his fall and its status as part of a public highway and that the court improperly concluded that as a matter of law he was not entitled to invoke the protections afforded by § 13a-149. We are unpersuaded.

---

[4] Practice Book § 10-25 provides: "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action."

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 198, 931 A.2d 916 (2007). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) *Trotta* v. *Branford*, 26 Conn. App. 407, 409–10, 601 A.2d 1036 (1992). "On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 199.

"Historically . . . municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control." *Prato* v. *New Haven*, 246 Conn. 638, 646, 717 A.2d 1216 (1998). The highway defect statute, § 13a-149, is a legislative exception to the immunity that municipalities enjoyed at common law and, as such, must be strictly construed. Id., 647. "Under § 13a-149, [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . .

We have construed § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 341.

"Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . . [S]ee [*Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 201, 592 A.2d 912 (1991)] (determining that [w]hether or not the accident was caused by the defective traffic light, the plaintiffs' claim that it was caused by the defective traffic light is, as a matter of law, a claim based upon a defective road); see also *Older* v. *Old Lyme*, 124 Conn. 283, 285, 199 A. 434 (1938) ([t]he question whether a highway is defective, the answer to which may depend on a great variety of circumstances, is in general one of fact but determination whether or not the facts found warrant, in law, the conclusions reached therefrom is open on appeal)." (Citation omitted; internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 341–42.

"[A] highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." *Novicki* v. *New Haven*, 47 Conn. App. 734, 740, 709 A.2d 2 (1998). "If in the use of the traveled portion of the highway . . . a condition exists which makes travel not reasonably safe for the public, the highway is defective." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 344.

The central question confronting the court in the motion for summary judgment was whether the situs

of the plaintiff's fall was a public highway. According to General Statutes § 14-1 (37), a "highway" includes "any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use . . . ." Our Supreme Court has stated: "The plain meaning of the word highway is [a] main road or thoroughfare; hence, a road or way open to the use of the public. Webster's New International Dictionary (2d Ed.) 1179. It is thus that this court has customarily understood the word. We have stated, for example, that the essential feature of a highway is that every traveler has an equal right in it with every other traveler. . . . [T]he term highway is ordinarily used in contradistinction to a private way, over which only a limited number of persons have the right to pass." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 485, 362 A.2d 785 (1975). Later, this court stated: "Public highway is not a term of art. . . . The plain meaning of the word highway is a main road or thoroughfare; hence, a road or way open to the use of the public. [T]he essential feature of a highway is that every traveler has an equal right in it with every other traveler. . . . Thus, it is a way over which the public at large has a right to pass." (Citations omitted; internal quotation marks omitted.) *State* v. *Harrison*, 30 Conn. App. 108, 118–19, 618 A.2d 1381 (1993), aff'd, 228 Conn. 758, 638 A.2d 601 (1994); see also *State* v. *Boucher*, 207 Conn. 612, 615, 541 A.2d 865 (1988) ("The essential feature of a public use is that it is not confined to privileged individuals or groups whose fitness or eligibility is gauged by some predetermined criteria, but is open to the indefinite public. It is the indefiniteness or unrestricted quality of potential users that gives a use its public character.").

In support of its motion, the town presented the affidavit of Zombouski, the former director of public works,

which stated that at the time of the alleged incident, the transfer station was a restricted access facility, the use of which was limited to permit holding town residents who had registered their vehicles with the town. Furthermore, the transfer station was open during limited hours and, when it was closed, was restricted by means of a locked gate. The plaintiff presented no affidavit or evidence in opposition to the facts set forth in the Zombouski affidavit and, in his objection to the motion for summary judgment, stated that "although the facts were not in dispute," he properly had alleged a legal claim pursuant to § 13a-149. Because there was no factual dispute that access to the transfer station was restricted and was, therefore, not open to the public, the court properly determined that the plaintiff's claim did not fall within the purview of the defective highway statute, § 13a-149. Accordingly, the court properly rendered summary judgment as to the second count of the second revised complaint.

The judgment is reversed as to the first, third, sixth, seventh and eighth counts of the plaintiff's second revised complaint and the case is remanded to the trial court for further proceedings on those counts. The judgment is affirmed in all other respects.

In this opinion HARPER, J., concurred.

LAVERY, J., dissenting. I agree with the majority on the first part of its opinion concerning the right of the plaintiff, Richard Read, to allege alternate theories of liability. I depart from the majority opinion on whether the defects at the town of Plymouth's municipal waste disposal transfer site come within the ambit of General Statutes § 13a-149. The majority reasoned that because the transfer station was open only to residents of the plaintiff's municipality who acquired permits and that

it was open only for limited hours, it was not always open to the public at large.

It is undisputed that the defendant town of Plymouth has designated the waste transfer station as the disposal location for the town's solid waste. See General Statutes § 22a-220. The residents of the defendant town, therefore, must use the waste transfer station to dispose of their solid waste. It is incumbent on each town and city in Connecticut to designate an area for their residents to dispose of their solid waste. See General Statutes § 22a-220. The fact that the waste station has limited use and requires a local permit does not diminish its public use character. Every citizen of Connecticut has to have access to such a place.

In fact, walkways and sidewalks that lead to public buildings come within the confines of § 13a-149. "The word road or highway as used in the highway defect statute has usually been construed to include sidewalks. . . . The term sidewalk is meant to apply to those areas that the public uses for travel. . . . Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Citations omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 740, 709 A.2d 2 (1998).

In *Novicki*, the court held that a walkway leading to a public school was covered by § 13a-149. In this case, the walkway at issue leads to the disposal bin at the town landfill that the plaintiff was required to use to dispose of his solid waste properly and, in my opinion, comes under the ambit of § 13a-149.[1] Whether there is

[1] There are well reasoned Superior Court cases, with which I agree, that concern an issue substantially similar to the one in this case. See, e.g., *Kelly* v. *New Britain*, Superior Court, judicial district of New Britain, Docket No. CV-02-0518091-S (December 10, 2004) (38 Conn. L. Rptr. 403); *Pires* v. *Litchfield*, Superior Court, judicial district of New Britain, Docket No. CV-

a defect was not an issue in either the trial court or in the majority opinion, and, for the purposes of this dissent, I assume the defect exists.

I respectfully dissent. I would reverse the judgment in its entirety and remand the case for further proceedings.

00-0502703-S (April 4, 2003) (34 Conn. L. Rptr. 366); *Hodge* v. *Old Saybrook*, Superior Court, judicial district of Middlesex, Docket No. CV-99-0088746-S (December 20, 2001); *Dunleavy* v. *Groton*, Superior Court, judicial district of New London, Docket No. 545592 (November 23, 1998) (23 Conn. L. Rptr. 424).