******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELISSA PRAMUKA *v.* TOWN OF
CROMWELL ET AL.
(AC 36688)

Alvord, Mullins and Schaller, Js.

*Argued April 7—officially released November 3, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*Richard S. Sheeley*, with whom, on the brief, were *Kelly S. Therrien* and *Jason J. Lewellyn,* for the appellant (plaintiff).

*Joseph M. Busher*, *Jr.*, for the appellees (defendants).

*Opinion*

MULLINS, J. The plaintiff, Elissa Pramuka, appeals from the summary judgment of the trial court rendered in favor of the defendants, the town of Cromwell (town) and the Board of Education of the Town of Cromwell (board), in an action brought pursuant to General Statutes § 13a-149, the municipal highway defect statute.[1] On appeal, the plaintiff claims that the court erred in rendering summary judgment because there was a question of material fact as to whether the paved walkway whereon the plaintiff fell was within the purview of § 13a-149.[2] On the face of the record before us, we agree that the court improperly rendered summary judgment on the ground that the walkway, as a matter of law, was not within the purview of § 13a-149. Accordingly, we reverse the judgment of the trial court.

The following facts inform our review. In her amended complaint,[3] the plaintiff alleged that she sustained injuries on February 17, 2011, at approximately 8:30 a.m., when she tripped and fell while walking along an uneven and cracked portion of a walkway that went from the designated parking area to the entrance of Edna C. Stevens Elementary School in Cromwell (school). The plaintiff alleged that the defendants breached their duty to keep the walkway in repair pursuant to § 13a-149.[4]

The defendants filed a motion for summary judgment on the ground of governmental immunity, asserting, in part, that the plaintiff did not come within any recognized exception to the doctrine.[5] The defendants submitted, inter alia, a diagram of the area and an affidavit from Michael Koshinsky, the head custodian at the school, who averred, in part, that the walkway does not extend to the public streets.

The plaintiff filed an objection to the defendants' motion, arguing in relevant part that "[t]he issue of whether the walkway on which the plaintiff was traveling at the time of her fall is within the physical boundaries of a 'defective road or bridge' under . . . §13a-149 is a genuine issue of material fact to be determined by the trier of fact . . . ." The plaintiff contended that she "was traveling on the paved sidewalk that leads from the school parking lot to the entrance of the . . . school and abutted a roadway from the town street to the school entrance. . . . At the time of the injury, the plaintiff was making use of the walkway to bring her two grandchildren to the school entrance. . . . Here, it is undisputed that the plaintiff was on the sidewalk . . . [and that] she was on the 'traveled path,' the path that the public used to access the school. In addition, the pathway is adjacent to the roadway. The roadway through the public school property connects Orchard Road and Court Street, both public streets in the [town]." The plaintiff also submitted an affidavit in sup-

port of her objection, several photographs, and the same diagram of the area that the defendants had submitted with their motion for summary judgment. A copy of the diagram is appended to this opinion as an appendix.

The diagram depicts south at the top, and north at the bottom. The school is in the center of the diagram, with Court Street at the front of the school, running west to east, and with Orchard Road on the right side of the property, running south to north. Between Court Street and the school building is a road or driveway entrance (driveway)[6] that runs through the property and connects to Orchard Road. Along this driveway, there are entrances to four parking areas; from left to right, they are denoted as D, C, and B, all of which are either directly in front of or near the front of the school, and A, which abuts Orchard Road and is to the right of the school.

It appears that one could enter the driveway from Court Street and drive through to Orchard Road, or vice versa, without entering any of the parking areas. Near Orchard Road, to the right side of parking lot A, which runs from south to north, there is a fence that appears to separate parking lot A from Orchard Road, but there is a driveway on either end of the fence that leads from Orchard Road onto the school property. Specifically, the southernmost driveway enters directly into parking lot A and proceeds through that parking lot, and the northernmost driveway connects to Court Street and the other parking areas. The northernmost driveway also allows for entry into or exit from parking lot A. Accordingly, it appears that one could drive into parking lot A from its southern entrance on Orchard Road, proceed through the entirety of that parking lot, and either turn left onto a driveway to exit the parking lot's northern driveway or turn right to proceed along the driveway toward the other parking areas at the front of the school and to Court Street. The record does not reveal whether there are any barriers to traveling through parking lot A or through the driveway.

The walkway on which the plaintiff alleges that she was injured runs adjacent to the east side, or left side, of parking lot A, running south to north, but then turns and runs along the driveway heading east toward the school. A fence also runs alongside the walkway, on the opposite side of the parking lot and the driveway, abutting a grassy area.

On February 28, 2014, the court granted the defendants' motion for summary judgment on the ground that the area on which the plaintiff fell was not covered by § 13a-149. Specifically, it held: "As a matter of law, a jury could not find that the walkway upon which the plaintiff allegedly fell had any relationship to the public roadway so as to bring it within the purview of § 13a-149." The plaintiff filed a motion to reargue, which the court denied. This appeal followed. Additional facts will

be set forth as necessary.

The plaintiff claims that the court erred in rendering summary judgment because there was a question of material fact as to whether the paved walkway whereon the plaintiff alleged that she had fallen was within the purview of § 13a-149. She contends that the walkway runs along a driveway that connects two public roads, and therefore, whether that driveway and the walkway alongside it are "in such proximity to the highway as to be considered in, upon or near the traveled path" is a factual question for the jury. On the basis of the record before us, we conclude that the court improperly rendered summary judgment.

We begin with our well established standard of review. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Vendrella* v. *Astriab Family Ltd. Partnership*, 311 Conn. 301, 313, 87 A.3d 546 (2014).

"Historically . . . municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control. . . . The [municipal] highway defect statute, § 13a-149 is a legislative exception to the immunity that municipalities enjoyed at common law and, as such, must be strictly construed."[7] (Citation omitted; internal quotation marks omitted.) *Read* v. *Plymouth*, 110 Conn. App. 657, 663, 955 A.2d 1255, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

"Section 13a-149 provides in relevant part: Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . . Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Escourse* v. *100 Taylor Avenue, LLC*, 150 Conn. App. 805, 812–13, 92 A.3d 1016 (2014).

In defining highway for purposes of § 13a-149, we recently explained: "According to General Statutes § 14-1 [40], a highway includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use . . . . Our Supreme Court has stated: The plain meaning of the word highway is [a] main road or thoroughfare; hence a road or way open to the use of the public. . . . It is thus that this court has customarily understood the word. We have stated, for example, that the essential feature of a highway is that every traveler has an equal right in it with every other traveler. . . . [T]he term highway is ordinarily used in contradistinction to a private way, over which only a limited number of persons have the right to pass. . . . Certainly, the distinctive feature of a highway for which a claim may arise under § 13a-149 is that it is open to public use. . . . For an area to be open to public use it does not have to be open to everybody all the time. . . . The essential feature of a public use is that it is not confined to privileged individuals or groups whose fitness or eligibility is gauged by some predetermined criteria, but is open to the indefinite public. It is the indefiniteness or unrestricted quality of potential users that gives a use its public character." (Citations omitted; internal quotation marks omitted.) *Cuozzo* v. *Orange*, 147 Conn. App. 148, 158, 82 A.3d 647 (2013), aff'd, 315 Conn. 606, 109 A.3d 903 (2015); see also *Read* v. *Plymouth*, supra, 110 Conn. App. 665.

Furthermore, "[t]he duty of the municipality to use reasonable care for the reasonably prudent traveler . . . extends to pedestrian travel as well as to vehicular traffic . . . . *Bellman* v. *West Hartford*, 96 Conn. App. 387, 394, 900 A.2d 82 (2006); see also *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 37, 974 A.2d 820 (2009) (to fall within the ambit of § 13a-149, a person must simply be on the highway for a legitimate purpose connected with travel and the defect need not be on the actual traveled portion of the highway), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012). Our Supreme Court has construed the word road or highway, as used in § 13a-149, to include the shoulders of the roadway as well as sidewalks. *Bellman* v. *West Hartford*, supra, 395 ([t]he term sidewalk is meant to apply to those areas that the public uses for travel . . .); *Himmelstein* v. *Windsor*, supra, 304 Conn. 309 (term highway also extends to [t]he shoulders of a highway, [which] while not designed for ordinary . . . traffic, are intended for use when need arises . . .)." (Internal quotation marks omitted.) *Escourse* v. *100 Taylor Avenue, LLC*, supra, 150 Conn. App. 813–14.

"Whether a parking lot is included or excluded from coverage under the defective highway statute, however,

is a question for the fact finder." *Bellman* v. *West Hartford*, supra, 96 Conn. App. 395, citing *Serrano* v. *Burns*, 248 Conn. 419, 427–29, 727 A.2d 1276 (1999). "The Connecticut Supreme Court has declined to decide whether a parking lot is or is not a 'road' as a matter of law for purposes of the state's defective highway laws, but instead has focused the analysis on the location of the defect to determine whether an injury occurring in a parking lot is covered under the statute. See *Serrano* v. *Burns*, [supra, 427]; *Baker* v. *Ives*, 162 Conn. 295, 299–301, 294 A.2d 290 (1972)." *Klein* v. *Norwalk*, 305 Fed. Appx. 745, 746–47 (2d Cir. 2009) (applying Connecticut law in affirming judgment of District Court dismissing plaintiff's negligence claim for lack of subject matter jurisdiction on ground that municipal parking lot where plaintiff was injured is covered by § 13a-149 and plaintiff failed to comply with notice requirements).

Additionally, "[o]ur Supreme Court has recognized that, when the state [or municipal subdivision] either *invites* or *reasonably should expect* the public to use a particular area that is not directly in the roadway but that is a necessary incident to travel on the roadway, a defective condition therein may give rise to a cognizable action under the [applicable highway defect] statute. . . . [D]efective conditions located near the roadway, but in areas unintended for travel, are not highway defects within the ambit of the highway defect statute." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Cuozzo* v. *Orange*, supra, 147 Conn. App. 159.

"[W]hether there is a defect in such proximity to the highway so as to be considered in, upon, or near the traveled path of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact . . . ." (Internal quotation marks omitted.) *Cuozzo* v. *Orange*, 315 Conn. 606, 617–18, 109 A.3d 903 (2015).

In the present case, the question decided by the trial court in ruling on the defendant's motion for summary judgment was whether the situs of the plaintiff's fall was upon or near the traveled path of a highway as that term has been construed in applying § 13a-149. The court held that it was not. The plaintiff contends that the court improperly rendered summary judgment because there is a material issue of fact as to whether the walkway was upon or near the traveled path. She argues that she was bringing her grandchildren to school and that she had to take the walkway, which runs alongside parking lot A, which is where she alleges the defendants directed and invited her to park. She further argues that the walkway also runs alongside part of the driveway, which runs from Orchard Road to Court Street, before she could get to the school building, which was her destination. She contends that whether the walkway is

"upon or near the traveled path . . . is a question of fact for the jury . . . ." The defendants argue that the walkway was not part of the public street, namely, Court Street or Orchard Road, that it did not originate at the public street, that it is not used in connection with the public street, and that, therefore, the court properly determined, as a matter of law, that the walkway is not covered under § 13a-149.[8] On the basis of the record before us, we conclude that there remain issues of material fact as to whether the walkway is upon or near the traveled path for purposes of § 13a-149 because the record does not contain enough information to determine whether the driveway or the parking lot is part of the public road.

In *Baker* v. *Ives*, supra, 162 Conn. 295, the plaintiff had been injured by an alleged defect in a grassy area, which was used for parking, that was thirty-two feet from the edge of the paved highway, within the state right-of-way, but not within the traveled path of the highway. Id., 297. The plaintiff brought an action under the state highway defect statute, General Statutes § 13a-144, and the jury returned a verdict in her favor. Id., 296. The state filed a motion to set aside the verdict, and the trial court denied that motion. On appeal, the Supreme Court affirmed the trial court's ruling, concluding that it was proper for the jury to have found that the plaintiff's injuries had been caused by a highway defect within the meaning of § 13a-144. The court noted that, "it was reasonably to be expected that after parking her car the plaintiff would cross the dirt and grass area to reach the sidewalk. The fact that the defective condition was in an area which an occupant of an automobile was likely, and in fact encouraged, to use [for purposes of parking] is an important consideration." Id., 301–302. The court concluded that, in addition to the fact that the plaintiff had fallen in an area "within the boundaries of the state right-of-way line . . . the proximity of the defect to the paved portion of the highway in conjunction with the fact that the locus of the fall was in an area where occupants of vehicles were invited by the state to park their cars for the purpose of walking from their cars to the stores in the vicinity warrant[ed] the conclusion that [the] defect was in, upon, or near the traveled path so as to obstruct or hinder one in the use of the road for the purpose of traveling thereon . . . ." (Citation omitted; internal quotation marks omitted.) Id., 302 n.3. The court also emphasized that "[w]hether there is a defect in such proximity to the highway so as to be considered 'in, upon, or near the traveled path' of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury, which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier." Id., 300.

In the present case, the plaintiff alleges that she was directed to park in parking lot A, which is adjacent to Orchard Road and open to Orchard Road by means of two driveways, in order to enter the school building to drop off her grandchildren, who attended the school. In order to get from parking lot A to the school, she had to walk on the walkway. Although the walkway does not abut Orchard Road, it appears to abut the driveway that runs from Orchard Road to Court Street, which, pursuant to § 14-1 (40) could be part of the public highway,[9] depending upon the nature of the driveway. It also appears that the southernmost driveway on Orchard Road proceeds through the parking lot and allows a driver to either take a left to go toward Orchard Road and to exit the school property or to go right to proceed to the other parking areas and to Court Street. If either of these driveways reasonably could be considered public driveways, then the walkway that abuts them reasonably could be considered on or near the traveled path.

Additionally, the parking lot appears to be adjacent to Orchard Road and open to that road by means of the two driveways previously discussed. The plaintiff alleges that she was invited and directed to park there by the school. See *Baker* v. *Ives*, supra, 162 Conn. 301–302 (injury caused in parking area on state right-of-way, where state directed and invited public to park, reasonably could be considered to have happened on or near traveled path for purposes of state highway defect statute). After viewing the record before the trial court in this case, we conclude that there simply is not enough information in the record to determine whether the walkway was upon or near the traveled path, and, in fact, this may be a question that can be answered only after all of the evidence has been presented to the jury.

Our conclusion is also supported by *Cuozzo* v. *Orange*, supra, 315 Conn. 606. In *Cuozzo*, the plaintiff alleged that he had been a business invitee on certain property located at 2 Boston Post Road in Orange. Id., 609. This property allegedly was owned and controlled by the town, but contained private retail stores. Id. The property abutted Meloy Road, which was a public highway, and allegedly was connected to Meloy Road by a driveway, which also was owned by the town. Id. The plaintiff alleged that his vehicle hit a pothole in the driveway, causing him to suffer personal injury and damages. Id., 610. The plaintiff brought his claim pursuant to General Statutes § 52-557n, rather than § 13a-149. Id. The town filed a motion to dismiss for lack of sufficient statutory notice, claiming that § 13a-149 was the exclusive remedy because the plaintiff was alleging a municipal highway defect. Id. The plaintiff disagreed, asserting that the driveway was a private way and not part of the public road. Id., 611. The trial court granted

the defendant's motion to dismiss, holding that, "based on the plaintiff's own allegations, the driveway where the alleged accident occurred was on property owned by the defendant town, connecting a public road to another town owned property. Based on these claims, it is reasonable to anticipate that the public would make use of the driveway. As a matter of law, therefore, the facts alleged in the plaintiff's complaint amount to a highway defect, and necessarily invoke . . . § 13a-149 as the exclusive remedy." (Internal quotation marks omitted.) Id., 612.

On appeal, we reversed the trial court's judgment, opining that "[a]lthough common sense assumptions regarding certain retail outlets might appear to dictate that the driveway at issue, connecting a municipal highway to a shopping center on municipally owned property, typically is open for public travel generally, we must confine our analysis to the facts in the record and interpret them in the light most favorable to the plaintiff's cause of action. Here, the driveway leads to a shopping center with private retail outlets; it does not lead to a municipal building that one may reasonably anticipate is open to all, such as a town hall or a school. Nothing is known about the defendant's agreement with these retail outlets regarding the use of the driveway or the parking area to which it leads. Not every driveway that leads to and from a shopping center welcomes all travelers; a myriad of restrictions of use may limit travel to certain persons, certain types of use or certain types of vehicles." *Cuozzo* v. *Orange*, supra, 147 Conn. App. 163–64. Thus, we concluded, "the facts, as alleged in the complaint and found in the affidavits submitted by the parties, [were] insufficient to support the necessary determination that the public would normally or reasonably be expected to make use of the . . . driveway in the ordinary course of travel."[10] (Internal quotation marks omitted.) Id., 162.

The Supreme Court, after granting the defendant's petition for certification to appeal, affirmed our judgment, concluding that "a factual dispute remains as to whether the driveway is indeed public, thereby invoking § 13a-149 and its procedural requirements, or whether it is a private thoroughfare on which the public is neither encouraged nor anticipated to traverse . . . in which case § 52-557n is the governing statute." (Citations omitted.) *Cuozzo* v. *Orange*, supra, 315 Conn. 617.

In the present case, the parking lot and the driveway(s) are on the property of a public school. Whether they are open to the public or contain sufficient restrictions that would limit their public availability cannot be determined on the basis of the record submitted to the trial court, and, in fact, may be questions more appropriately answered by a jury after the presentation of evidence. Accordingly, we conclude that there remain material issues of fact and that the court, there-

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[2] Because we agree with this claim and reverse the judgment of the trial court, we need not recite nor address the plaintiff's additional claims.

[3] The plaintiff's amended complaint was brought in two counts pursuant to § 13a-149, one against the town and one against the board.

[4] "The statutory provisions of § 13a-149 have two components that must be met in order to trigger its application: (1) the plaintiff must have sustained an injury by means of a defective road or bridge and (2) the party whom the plaintiff is suing must be the party bound to keep [the location where the injury was sustained] in repair." (Internal quotation marks omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 739–40, 709 A.2d 2 (1998). "Ownership of the property does not establish liability under § 13a-149. . . . Rather, it is the governmental entity charged with the duty . . . to keep [the property] in repair . . . or the party bound to keep [the property] in repair . . .

on which the [statute] impose[s] liability under certain circumstances." (Citations omitted; internal quotation marks omitted.) Id., 742.

[5] The defendants also asserted that the town is not the party bound to maintain and repair the walkway. The court, however, found that this ground "may present an issue of fact." It further determined that this issue was not material to its ruling because the walkway was not part of the "road" as that term is used in § 13a-149.

[6] The plaintiff refers to this road or driveway as a roadway or a throughway. On the basis of the record before us, it is unclear exactly what the proper term should be for this area. For convenience, we refer to it as a driveway.

[7] Our Supreme Court has explained: "In interpreting [the state highway defect statute, General Statutes § 13a-144] we have on many occasions looked to and applied the rationale in cases involving statutory actions against municipalities under . . . § 13a-149 since there is no material difference in the obligation imposed on the [commissioner] by § 13a-144 and that imposed on municipalities by § 13a-149. *Donnelly* v. *Ives*, 159 Conn. 163, 167, 268 A.2d 406 (1970); see also *Smith* v. *New Haven*, 258 Conn. 56, 64 n.6, 779 A.2d 104 (2001) (noting that case law interpreting §§ 13a-144 and 13a-149 can be applied interchangeably)." (Internal quotation marks omitted.) *McIntosh* v. *Sullivan*, 274 Conn. 262, 266 n.4, 875 A.2d 459 (2005).

[8] The defendants argue, in part: "The plaintiff was not a traveler making passage through an area. She had pulled off the public street and had parked her car at her destination in a parking lot. By definition, a parking lot is not properly a throughway; it is a destination. One does not properly travel through a parking lot. Parking is not traveling. A parking lot user is not a 'traveler' making passage through a public road." For the defendants' position to be an accurate statement of the law, any person who parked his or her vehicle in a parking space on the street or in a parking lot and then proceeded to walk on the public sidewalk to a building down the road would not be walking on or near the traveled path because he or she would have reached the destination of the parking area. Clearly, this is not a proper interpretation of our law. See *Ferreira* v. *Pringle*, 255 Conn. 330, 344, 766 A.2d 400 (2001) ("To hold that a defect . . . must exist in the traveled portion of the highway would run counter to our decisions and lead to results bordering on the ridiculous. . . . If in the use of the traveled portion of the highway and, as incidental thereto, the use of the shoulders for the purposes for which they are there, a condition exists which makes travel not reasonably safe for the public, the highway is defective." [Internal quotation marks omitted.]).

[9] See footnote 7 of this opinion.

[10] We also explained: "The concept of what constitutes a 'road or bridge' under §§ 13a-144 and 13a-149 has expanded over the years such that clarity is now somewhat lacking. Now, of course, a sidewalk adjacent to a road is a road, as are areas near a highway that the traveling public might be expected to use. See *Serrano* v. *Burns*, [supra, 248 Conn. 429]; *Ferreira* v. *Pringle*, [255 Conn. 330, 357, 766 A.2d 400 (2001)]. Driveways and walkways to buildings sometimes are roads, depending on who maintains them and whether the public, without exclusion, reasonably can be expected to use them. Compare *Novicki* v. *New Haven*, [47 Conn. App. 734, 742, 709 A.2d 2 (1998)], with *Bellman* v. *West Hartford*, supra, 96 Conn. App. 395–96; see also *Read* v. *Plymouth*, supra, 110 Conn. App. 666; but see General Statutes § 14-1 (40)." *Cuozzo* v. *Orange*, supra, 147 Conn. App. 159–60 n.4.